730 So.2d 1154 (1999)
Harvey SANDERS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-01451 COA.
Court of Appeals of Mississippi.
January 26, 1999.
Eugene A. Perrier, Vicksburg, Attorney for Appellant.
Office of the Attorney General by Pat S. Flynn, Attorney for Appellee.
EN BANC.
McMILLIN, P.J., for the Court:
¶ 1. A Warren County Circuit Court jury convicted Harvey Sanders of possession of cocaine. He appeals, arguing that the trial court erred in denying his motion for JNOV, or in the alternative, a new trial. We find the verdict to be supported by the evidence and affirm.

*1155 I.

Facts
¶ 2. The Vicksburg Police Department established a roadblock to check such things as licenses, tags, and seat belts at the intersection of Harrison Street and Cherry Street in Vicksburg on July 27, 1995. Officer Glen Truesdell noticed a car traveling west on Harrison Street when the car turned left onto Cherry Street. The car then proceeded to drive into the one way entrance of the Mutual Credit Union. Truesdell then started walking toward the vehicle and it started backing up. The officer told the driver of the vehicle to stop, but the driver kept going. While the vehicle was backing up, the officer noticed the driver throw something from the window. The vehicle stopped when it hit a curb causing a tire to blow out. Truesdell reached in the driver's side of the vehicle, put the car in park, and pulled the keys out of the ignition. The officer asked the driver why he avoided the roadblock, and the driver, Harvey Sanders, replied that he did not have his driver's license.
¶ 3. About this time, Officer Jamie Brooks arrived, and Truesdell instructed Brooks to write Sanders a citation for not having his driver's license. While Brooks was writing this citation, Truesdell retrieved the item Sanders had thrown from the car. The item was discovered to be a cellophane bag filled with a substance that resembled crack cocaine. The officers placed Sanders under arrest for possession of a controlled substance.
¶ 4. The Mississippi Crime Lab confirmed that the recovered material was cocaine. A narcotics officer estimated the street value of the cocaine to be around $3,000.
¶ 5. The defense produced two witnesses to the event that took place that evening. Patricia Ross said that she and Tawanda Bush arrived at the roadblock at approximately 7:00 p.m. and remained at the scene for thirty to forty-five minutes. Both women testified that the windows of Sanders's vehicle remained closed throughout the incident and that neither of them saw him throw anything out the window. Ross stated that she saw Sanders, whom she knew as "Red," several days later. She approached Sanders and told him that she had read about the incident in the newspaper and what was written was not true. She stated that she told Sanders that she would testify for him because what is "right is right and wrong is wrong."
¶ 6. The jury, apparently accepting the State's version of events, found Sanders guilty of possession of a controlled substance.

II.

Discussion
¶ 7. Sanders asserts that the circuit court erred in denying his motion for new trial or, alternatively, a JNOV, as the facts of the case did not support the guilty verdict. He first makes an attack on the sufficiency of the evidence in his brief, then closes his argument with the argument that, at the very least, the verdict was so against the weight of the credible evidence that he should receive a new trial. He claims that the State had no corroborating evidence to substantiate the testimony of Officer Truesdell and that his testimony was not enough to overcome the testimony of the two disinterested witnesses for the defense. This simply is not the case. The evidence presented a question of fact as to whether the officer or the two witnesses were telling the truth, and it was the jury's duty to assess the credibility of these witnesses.
¶ 8. "[T]he jury is the sole judge of the credibility of witnesses, and the jury's decision based on conflicting evidence will not be set aside where there is substantial and believable evidence supporting the verdict." Nicholson v. State, 523 So.2d 68, 70 (Miss. 1988) (citation omitted). "[T]he credibility of the witnesses at trial is not a matter for the reviewing court's evaluation." Kinzey v. State, 498 So.2d 814, 818 (Miss.1986). "Where the verdict turns on the credibility of conflicting testimony and the credibility of the witnesses, it is the jury's duty to resolve the conflict." Nicholson, 523 So.2d at 71 (citations omitted).
¶ 9. The State presented evidence consistent with a guilty verdict, evidence of *1156 such weight and quality that fairminded jurors in the exercise of impartial judgment could convict. Bounds v. State, 688 So.2d 1362, 1372 (Miss.1997). Our task on appeal is not to sit as jurors and retry the case. Rather, we are charged to determine whether there was credible evidence offered by the State as to each essential element of the crime. If so, the challenge to the sufficiency of the evidence must fail. We must then proceed to evaluate the evidence to determine whether, in our view, the weight of the evidence was so overwhelmingly against the jury's verdict that an unconscionable injustice has occurred. Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). Barring such a conclusion, a claim that the verdict was contrary to the weight of the evidence must also fail.
¶ 10. We are satisfied that neither of the defendant's challenges to the evidence has merit. We therefore affirm the judgment of the circuit court.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY OF CONVICTION OF POSSESSION OF COCAINE AND SENTENCE OF SIX YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS A SECOND AND SUBSEQUENT OFFENDER, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.
BRIDGES, C.J., THOMAS, P.J., and COLEMAN, DIAZ, KING, PAYNE, and SOUTHWICK, JJ., concur.
IRVING and LEE, JJ., not participating.