754 So.2d 1261 (1999)
Derrick NEWELL, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1998-KA-01427-COA.
Court of Appeals of Mississippi.
December 14, 1999.
*1263 Edward O'Neal Benson, Brookhaven, Attorney for Appellant.
Office of the Attorney General by Deirdre McCrory, Attorney for Appellee.
BEFORE KING, P.J., BRIDGES, AND MOORE, JJ.
BRIDGES, J., for the Court:
¶ 1. Derrick Newell was convicted in the Circuit Court of Walthall County for the crime of conspiracy to commit armed robbery. Newell was sentenced as a habitual offender to a term of life imprisonment without the benefit of early release or parole in the custody of the Mississippi Department of Corrections. Newell filed a motion for a judgment notwithstanding the verdict or, in the alternative, a motion for a new trial which the trial court denied. Aggrieved with the judgment against him, Newell has perfected an appeal and argues the following issues
1. THE CIRCUIT JUDGE VIOLATED NEWELL'S 14TH AMENDMENT RIGHT TO DUE PROCESS AND PREJUDICED THE JURY AGAINST HIM.
2. THE CIRCUIT JUDGE ERRED BY IMPROPERLY ADMITTING HEARSAY STATEMENT'S OF THE STATE'S WITNESSES.
3. THE JURY VERDICT WAS AGAINST THE OVERWHELMING WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
4. THE CIRCUIT COURT COMMITTED REVERSIBLE ERROR BY CHARGING AND CONVICTING ONLY NEWELL OF CONSPIRACY.
5. THE CIRCUIT COURT ERRED BY IMPROPERLY ENHANCING THE SENTENCE OF NEWELL WITHOUT SUFFICIENT NOTICE.
Finding these issues to be without merit, we affirm the judgment of the circuit court.

FACTS
¶ 2. In September 1997, David Cooley was asleep in his home when two men clothed in black and wearing masks entered his bedroom and demanded money. When Cooley did not produce the money, one man put a gun in Cooley's mouth, and the other man put a gun to his chest asked him to give up the money. Once the men completed the robbery, they fled from Cooley's house. The State presented evidence that Newell, Carlos Craft, and Temus Magee had formed a conspiracy to commit armed robbery against Cooley. The testimony showed that although Newell waited in the car while Craft and Magee committed the robbery, Newell knew that the robbery was being committed; he drove Craft and Magee away from the scene of the crime after the robbery had been committed, and he was given some of the proceeds from the crime. The defense presented testimony that Newell was not part of the armed robbery. Newell was indicted for the crime of conspiracy to commit armed robbery. After hearing all testimony, the jury apparently accepted the State's version of events and found Newell guilty. The circuit court denied Newell's motion for a judgment notwithstanding the verdict or, in the alternative, a new trial. Aggrieved with the trial court's decision, Newell has now perfected this appeal.

ARGUMENT AND DISCUSSION OF LAW
¶ 3. The Court would like to comment that the appellant's brief has been somewhat unusual in that in the "ARGUMENT" section, the brief failed to separately and distinctly address each issue. Although the brief gives a general argument, without the aid of numbers and headings, there has been some difficulty in distinguishing each assignment of error and the argument *1264 intended to support each assignment. However, the Court will address each issue as it is listed in the statement of issues. Parties should see M.R.A.P. 28 for the proper form for the appellate brief.

Issue 1: Did the trial court violate Newell's Fourteenth amendment right to due process by making him wear shackles and handcuffs inside of the courtroom?
¶ 4. Newell argues on appeal that the trial court abused its discretion by making Newell appear in court shackled and handcuffed. He further maintains that this action created a presumption of guilt rather than innocence that prejudiced the jury against him. The State argues that Newell's threats against witnesses and the prosecutor and his vow not to be committed to prison alive show that the trial judge did not abuse his discretion. The State further contends that there is no evidence that the jury ever actually saw the shackles.
¶ 5. The Mississippi Supreme Court held in Rush v. State:
It is a common law right of a person being tried for the commission of a crime to be free from all manner of shackles or bonds, whether of hands or feet, when in court in the presence of the jury, unless in exceptional cases where there is evident danger of his escape or based upon reasonable grounds for apprehension.
Rush v. State, 301 So.2d 297, 300 (Miss. 1974). The trial judge has the discretion to determine whether the circumstances are such that the defendant should be shackled during the trial. Brown v. State, 690 So.2d 276, 287 (Miss.1996)(citing Rush, 301 So.2d at 300). In the case sub judice, there was testimony presented that Newell had threatened to "wipe out" the district attorney and all the witnesses. There was further testimony that Newell stated that they would have to kill him to remove him from the courtroom. The record shows that the judge determined that Newell was an evident danger to himself as well as others in the courtroom. After examining the record and the testimony therein, we cannot say that the trial judge abused his discretion. Accordingly, this issue is without merit.

Issue 2: Did the circuit judge improperly admit hearsay statements?
¶ 6. Newell argues that "the circuit judge improperly admitted a `slew' of hearsay statements by various witnesses." Newell's brief instructs this Court to "see" two cases in support of his position, but he fails to make any argument at all on how these cases apply to this issue. The Mississippi Supreme Court has found:
The purpose of briefs and arguments is to present to the Court in concise form the points and questions in controversy, and by fair argument on the facts and law of the case, to assist the Court in arriving at a just and proper conclusion, and to notify opposing counsel of the questions to be presented and the authorities relied on in reference thereto. In other words, the purpose is to aid the appellate court in determining what the law is.
Dozier v. State, 247 Miss. 850, 851-52, 157 So.2d 798, 799 (1963). The State argues that Newell failed to identify the alleged hearsay which is the subject of this issue. The State further maintains that Newell has not even begun to demonstrate any reversible error to this Court. We agree. Newell takes less than a page to make a general assertion that the trial court incorrectly admitted hearsay statements. However, he never states which statements were incorrectly admitted, nor does he give any reasons or arguments as to why the statements were incorrectly admitted. On appellate review, the position of this Court is clear; "[w]e require counsel to not only make a condensed statement of the case but, must also support propositions of law with reasons and authorities." Hoops v. State, 681 So.2d 521, 535 (Miss.1996)(quoting Pate v. State, 419 So.2d 1324, 1325-26 (Miss.1982)). *1265 M.R.A.P. 28(a)(1)(6) gives the requirements for the argument in an appellate brief:
The argument shall contain the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied upon.
Since Newell neglected to state which hearsay statements were incorrectly admitted, and since Newell also failed to make an argument for his position, we will not address this issue.

Issue 3: Was the jury verdict against the overwhelming weight and sufficiency of the evidence?
¶ 7. Newell next argues that the evidence was not sufficient to support the verdict and the verdict was against the overwhelming weight of the evidence. Newell concedes that he was with Craft and Magee on the night the crime was committed, and he also concedes that he was in the car with them and in the driver's seat. However, he maintains that he did not willfully and knowingly conspire with Craft and Magee to commit the armed robbery. The State argues that there was ample evidence before the jury to support a conviction for conspiracy to commit an armed robbery.
¶ 8. When this Court is called upon to review a challenge to the sufficiency of the evidence, the standard of review is clear:
[T]he evidence as a matter of law is viewed and tested in a light most favorable to the state. The credible evidence consistent with [Simmon's] guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Matters regarding the weight and credibility of the evidence are to be resolved by the jury. We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.
Jones v. State, 669 So.2d 1383, 1388 (Miss.1995)(quoting McClain v. State, 625 So.2d 774, 778 (Miss.1993)) (citations omitted)). Further, this Court cannot set aside the verdict of the jury unless we are convinced that the verdict is contrary to the substantial weight of the evidence. Conner v. State, 726 So.2d 1238 (¶ 18) (Miss. Ct.App.1998).
¶ 9. In the case sub judice, it is apparent from the record that the jury was presented with conflicting testimony. Newell argues that the State's witnesses, Craft and Magee, had conflicting testimony, but all the witnesses in his defense stated that he was not involved. Because of these contradictions between the State's witnesses, he therefore argues that the jury should not have found him guilty. This Court has stated previously, "[w]here the verdict turns on the credibility of conflicting testimony and the credibility of the witnesses, it is the jury's duty to resolve the conflict." Sanders v. State, 730 So.2d 1154(¶ 8) (Miss.Ct.App.1999)(quoting Nicholson v. State, 523 So.2d 68, 71 (Miss. 1988). "[T]he jury is the sole judge of the credibility of witnesses, and the jury's decision based on conflicting evidence will not be set aside where there is substantial and believable evidence supporting the verdict." Id. On appeal, this Court "is not to sit as jurors and retry the case." Sanders at 1156 (¶ 9).
¶ 10. During the State's case-in-chief, Craft testified that he and Magee had discussed the robbery, and although Newell kept repeating that he wanted nothing to do with the robbery, Newell drove the car to Cooley's house, waited outside while Craft and Magee committed the robbery, and then drove the car from Cooley's house after the robbery was committed. Craft testified that he was not sure of the amount but he thought that Newell got a cut of the money. Magee testified that Newell participated in the conversation *1266 about the armed robbery. He further stated that Newell would have participated in the actual crime, but did not only because Magee would not let him kill Cooley. Magee also testified that the proceeds were split evenly between all three men. Another witness for the State, Traneese Lee, testified that Magee, Craft, and Newell were all three present in her house having a conversation about robbing Cooley. She further testified that when the men left, Newell had possession of a gun.
¶ 11. The Mississippi Supreme Court has stated that "when two or more persons combine or agree to commit a crime they offend our law of conspiracy." Mitchell v. State, 572 So.2d 865, 867 (Miss.1990)(citing Miss.Code Ann. § 97-1-1 (1972)).
For there to be a conspiracy, "there must be recognition on the part of the conspirators that they are entering into a common plan and knowingly intend to further its common purpose." The conspiracy agreement need not be formal or express, but may be inferred from the circumstances, particularly by declarations, acts, and conduct of the alleged conspirators. Furthermore, the existence of a conspiracy, and a defendant's membership in it, may be proved entirely by circumstantial evidence.
Franklin v. State, 676 So.2d 287, 288 (Miss.1996)(quoting Nixon v. State, 533 So.2d 1078, 1092 (Miss.1987))(emphasis added). A conspiracy is a completed offense and requires no proof of an overt act. Ford v. State, 546 So.2d 686, 688 (Miss. 1989).
¶ 12. Looking at the evidence in the light most favorable to the State, there is sufficient evidence to support the jury's guilty verdict. Jones, 669 So.2d at 1388. After reviewing the testimony presented by the State's witnesses, there is ample evidence to show that Newell was aware of the conspiracy. Although Newell contends that he repeatedly stated that he did not want to be a part of the robbery, as stated in Franklin, the conspiracy agreement does not have to be an express agreement but may be inferred from the alleged conspirators acts or conduct. Franklin, 676 So.2d at 288. The evidence showed that Newell was present while Magee and Craft were planning the robbery, that he drove the car to and from Cooley's house, and that he was given a portion of the proceeds from the robbery. These actions are sufficient for the jury to infer from the circumstances that Newell had entered into a conspiracy to commit armed robbery. Id. After reviewing the record, it is the opinion of this Court that reasonable jurors could have found that Newell had committed the offense of conspiracy to commit armed robbery and that they also could have found this fact beyond a reasonable doubt. Morgan v. State, 741 So.2d 246, 255 (¶ 26)(Miss.1999). Accordingly, we find this issue to be without merit.

Issue 4: Did the circuit court commit reversible error by convicting only Newell of conspiracy?
¶ 13. Newell argues that Craft and Magee were not charged or convicted as co-conspirators, and therefore he cannot be convicted of conspiracy. The State contends that the indictment clearly charged Newell, Magee, and Craft of conspiracy to commit armed robbery. The State further maintains that Miss.Code Ann. § 97-1-1 (Rev.1994), the conspiracy statute, does not require that more than one person be convicted. The State reiterates that to convict Newell of conspiracy they had only to prove beyond a reasonable doubt that Newell conspired with another person or persons to commit armed robbery.
¶ 14. As we discussed previously in Issue 2, this Court is not required to address any issue that is not supported by reasons and authority. Hoops, 681 So.2d at 535 (citing Pate, 419 So.2d at 1325-26). Although Newell cited this as an issue in his statement of issues, his brief fails to cite any authority to support his position. In fact, he fails to even make an argument for this issue. Accordingly, this issue is waived not only for failure to cite authority but failure to address the issue. Cook v. Mardi Gras Casino Corp., 697 So.2d 378, 383 (Miss.1997).

*1267 Issue 5: Did the circuit court err by allowing the State to amend the indictment to reflect habitual offender status?

¶ 15. Newell argues that Mississippi law requires that a defendant tried as a habitual offender must be given notice in the indictment of previous convictions that will be relied upon by the State to support the sentence enhancement. He contends that he was not afforded this right by the State and that his attorney was not given sufficient time to prepare a defense. The State maintains that Newell cannot bring this issue for the first time on appeal. Further, the State argues that Newell failed to show that the amendment affected his opportunity to present a defense, nor did he show how he was unfairly surprised by the amendment.
¶ 16. This Court has found that "before an issue may be assigned and argued here, it must first have been presented to the trial court. When the issue has not been timely presented below, it is deemed waived." Harveston v. State, 742 So.2d 1163, 1169 (¶ 20) (Miss.Ct.App.1999)(quoting Read v. State, 430 So.2d 832, 838 (Miss.1983)). Therefore, this issue is procedurally barred.
¶ 17. Alternatively, we find this issue to be without merit. Uniform Rule 7.09 of the Uniform Rules of Circuit and County Court Practice states that
All indictments may be amended as to form but not as to the substance of the offense charged. Indictments may also be amended to charge the defendant as an habitual offender or to elevate the level of the offense where the offense is one which is subject to enhanced punishment for subsequent offenses and the amendment is to assert prior offenses justifying such enhancement.... Amendment shall be allowed only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised.
In this case, amending the indictment to charge Newell as a habitual offender did not affect the substance of the crime of which he was charged, but only the sentencing. Burrell v. State, 727 So.2d 761 (¶ 9) (Miss.1998). Newell argues that he was not given sufficient notice. However, the record shows that he was afforded a hearing on the motion to amend. The trial court found that Newell would not be hindered in his defense by allowing the motion. Newell was given sufficient opportunity to prepare a defense. Id. at 766 (¶ 11). Accordingly, this issue is without merit.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF WALTHALL COUNTY OF CONVICTION OF CONSPIRACY TO COMMIT ARMED ROBBERY AND SENTENCE OF LIFE IMPRISONMENT AS AN HABITUAL OFFENDER IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS ARE ASSESSED TO WALTHALL COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., DIAZ, LEE, MOORE, AND THOMAS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY. PAYNE, J., NOT PARTICIPATING.