BRIDGES, J.,
for the Court:
¶ 1. Roy Simmons, Jr. was convicted in the Circuit Court of Yazoo County of armed carjacking under Miss.Code Ann. § 97-3-117 (Rev.1994). Simmons was sentenced to serve a term of fifteen years in the custody of the Mississippi Department of Corrections. Aggrieved with this decision, Simmons has perfected this appeal arguing the following issue which we quote verbatim from his brief
I. THE JUDGMENT AND THE SENTENCE IS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE AND INSUFFICIENT AS A MATTER OF LAW TO SUSTAIN THE CONVICTION FOR ARMED CARJACKING.
¶ 2. Finding no merit to the issue raised, we affirm the jury’s verdict and the circuit court’s sentence.
FACTS
¶ 3. On July 12, 1997, Burnedette Soul was alone in a vehicle at a carwash on Broadway in Yazoo City, Mississippi. She was awaiting the return of her friend, Kent Luckett, who was the owner of the vehicle. Soul testified that two males came up to her, both carrying guns, and demanded that she get out of the car. Soul exited the vehicle and ran from the scene. Antonio MeCullen, a witness for the State, testified that he, Simmons, and Elizha Williams were all willing participants in the carjacking and a subsequent series of armed robberies that were related to the carjacking. MeCullen testified that he and Williams asked Simmons to give them a ride so that they could commit some armed robberies. MeCullen stated that Simmons agreed, and then they all got into Simmons’s truck. The trio proceeded to Wayne’s Club and after leaving the club stopped at a gas station to put oil in the truck. Williams then noticed the red Camaro next door at the car wash. *620 McCullen1 testified that all three men decided that McCullen and Williams would steal the car, and Simmons would park his truck and meet them later. At this point, McCullen stated that he and Williams proceeded to take the vehicle from Soul at gunpoint. They then drove off in the Cá-maro and stopped to pick Simmons up. McCullen’s testimony went on to state that Simmons began driving the Camaro, and the three men embarked on a series of armed robberies. The testimony presented by McCullen alleges that Simmons knew that McCullen and Williams were carrying guns and that he willingly agreed to participate in the commission of the crimes. Simmons did not testify during the trial proceedings, but produced one witness, Kent Luckett, in his defense. Luckett testified that he was present during the carjacking but could not identify the two males that stole the vehicle. He further stated that he did not see Simmons on the parking lot the night of the carjacking.
PROCEEDINGS BELOW
¶ 4. Simmons, McCullen, and Williams were indicted on September 17,1997 in the Circuit Court of Yazoo County for the crime of armed carjacking. After a severance was granted, Simmons was tried and convicted of armed carjacking and sentenced to serve fifteen years in the custody of the Mississippi Department of Corrections. Simmons filed a motion for a new trial or, in the alternative, a judgment notwithstanding the verdict. The circuit court denied his motion, and Simmons has now perfected this appeal.
ARGUMENT AND DISCUSSION OF LAW
I. THE JUDGMENT AND THE SENTENCE OF THE TRIAL COURT IS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE AND INSUFFICIENT AS A MATTER OF LAW TO SUSTAIN THE CONVICTION OF ARMED CARJACKING.
¶ 5. On appeal, Simmons is challenging the sufficiency of evidence supporting the jury’s verdict of guilt. Simmons asserts that the circuit court erred in its judgment and sentence because the facts of this case do not support the guilty verdict. Simmons maintains that the State’s four witnesses presented evidence that created reasonable doubt and fair minded jurors might have reached a different verdict. Simmons argues that there was no positive identification linking him to the carjacking, and the State’s evidence essentially boils down to a single witness, McCullen, making incriminating statements against him.
¶ 6. When this Court is called upon to review a challenge to the sufficiency of the evidence, the standard of review is clear:
[T]he evidence as a matter of law is viewed and tested in a light most favorable to the state. The credible evidence consistent with [Simmon’s] guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Matters regarding the weight and credibility of the evidence are to be resolved by the jury. We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.
Jones v. State, 669 So.2d 1383, 1388 (Miss.1995) (citing McClain v. State, 625 So.2d 774, 778 (Miss.1993)) (other citations omitted). Further, this Court cannot set aside the verdict of the jury unless we are convinced that the verdict is contrary to the substantial weight of the evidence. Conner v. State, 726 So.2d 1238 (¶ 18) (Miss.1998).
¶ 7. In the case sub judice, it is apparent from the record that the jury was presented with conflicting testimony. Simmons concedes in his brief that this case is a question of fact as to whether the *621 jury should have believed him or McCul-len. However, Simmons goes on to say that the evidence presented is such that the jury should not have found him guilty. This Court has stated previously, “[wjhere the verdict turns on the credibility of conflicting testimony and the credibility of the witnesses, it is the jury’s duty to resolve the conflict.” Sanders v. State, 730 So.2d 1154, 1155 (Miss.Ct.App.1999) (quoting Nicholson v. State, 523 So.2d 68, 71 (Miss. 1988)). “[Tjhe jury is the sole judge of the credibility of witnesses, and the jury’s decision based on conflicting evidence will not be set aside where there is substantial and believable evidence supporting the verdict.” Id. On appeal, this Court “is not to sit as jurors and retry the case.” Sanders, 730 So.2d at 1155-56.
¶ 8. After reviewing the record, it is apparent that the State presented evidence sufficient to support a guilty verdict. The testimony presented by the State reflects that Simmons participated in and was involved in planning and committing several crimes, including the armed carjacking. The testimony presented in Sim-mon’s defense showed that he was not identified as one of the carj ackers and was not involved in the commission of the carjacking. The conflicting testimony of Simmons’s involvement is clearly a question of fact to be determined by the jury. Id. at 1155. After hearing all the witnesses, the jury apparently accepted the State’s version of events. We cannot conclude from the evidence presented that the jury would only be able to find Simmons not guilty. Further, we are not convinced that the evidence was insufficient to support the verdict, nor was the verdict contrary to the substantial weight of the evidence. Conner at 1242. Therefore, we find this assignment to be without merit.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF YAZOO COUNTY OF CONVICTION OF ARMED CARJACKING AND SENTENCE OF FIFTEEN YEARS WITH THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS ARE ASSESSED TO YAZOO COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.