906 So.2d 788 (2004)
Tracy Lynn PEARSON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-CP-01918-COA.
Court of Appeals of Mississippi.
December 14, 2004.
*789 Tracy Lynn Pearson (Pro Se), Kent E. Smith, attorney for appellant.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before BRIDGES, P.J., CHANDLER and GRIFFIS, JJ.
CHANDLER, J., for the Court.
¶ 1. Tracy Lynn Pearson pled guilty to the reduced charge of aggravated assault and possession of a handgun by a felon. He filed a motion for post-conviction relief, which was denied. He filed a second motion for post-conviction relief, which the court also denied. He now appeals to this Court, raising the following issues:
I. WHETHER PEARSON'S MOTION FOR POST-CONVICTION RELIEF WAS BARRED AS A SUCCESSIVE WRIT
II. WHETHER PEARSON'S GUILTY PLEA WAS VOLUNTARILY AND INTELLIGENTLY ENTERED

*790 III. WHETHER PEARSON RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. Tracy Lynn Pearson was indicted under Mississippi Code § 99-19-81 (Supp. 2003) as a habitual offender in a four count indictment. This included two counts of sexual battery, car jacking by use of a handgun, and possession of a handgun by a convicted felon. As part of his plea bargain, his habitual offender indictments would be dropped for sexual battery and carjacking, and his sexual battery charge would be reduced to aggravated assault. The circuit judge sentenced Pearson to twenty years for the charge of aggravated assault[1] and three years for the possession of a firearm, with the sentences running concurrently.
¶ 4. Pearson filed for post-conviction relief. On July 2, 2003, the circuit court denied Pearson's petition for post-conviction relief, in an order that reads as follows:
This cause is before the court by virtue of the filing by Petitioner of certain documents with the Court, entitled "Motion to Proceed In Forma Pauperis" and "Petition for Post Conviction Relief." After reviewing the documents filed by the petitioner, as well as the court file in this case, and considering all matters in a light most favorable to the petitioner, the Court is of the opinion that the Petitioner is not entitled to the requested relief. Accordingly, the relief requested is hereby denied.
¶ 5. On September 3, 2003, without having appealed the circuit court's first denial of post-conviction relief, Pearson filed a second motion for post-conviction relief. The circuit court denied relief on the grounds that the motion was barred as a successive writ.

ANALYSIS

I. WHETHER PEARSON'S MOTION FOR POST-CONVICTION RELIEF WAS BARRED AS A SUCCESSIVE WRIT
¶ 6. Pearson eventually appealed his first motion for post-conviction relief, on September 5, 2003. This appeal, however, was not timely filed. Mississippi Rule of Appellate Procedure 4(a) requires notice of appeal to be filed within thirty days after the date of the order.
¶ 7. Pearson's second motion for post-conviction relief was filed on September 3, 2003. The circuit court properly dismissed this motion as a successive writ. Mississippi Code Annotated § 99-39-23(6) (Rev. 2000) states:
The order as provided in subsection (5) of this section or any order dismissing the prisoner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article. Excepted from this prohibition is a motion filed pursuant to Section 99-19-57(2), Mississippi Code of 1972, raising *791 the issue of the convict's supervening insanity prior to the execution of a sentence of death. A dismissal or denial of a motion relating to insanity under Section 99-19-57(2), Mississippi Code of 1972, shall be res judicata on the issue and shall likewise bar any second or successive motions on the issue. Likewise excepted from this prohibition are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
¶ 8. Pearson has made no claims that there has been newly discovered evidence or any intervening decision. Our courts routinely deny a petitioner's successive applications for post-conviction relief where the petitioner has failed to show new evidence or intervening decisions for an exception to our successive-writ prohibition. See e.g. Maston v. State, 750 So.2d 1234, 1236(¶ 10) (Miss.1999); Sneed v. State, 722 So.2d 1255, 1256(¶ 7) (Miss.1998); Hodgin v. State, 710 So.2d 404, 405(¶ 3) (Miss. 1998). Pearson's argument is without merit.

II. WHETHER PEARSON'S GUILTY PLEA WAS VOLUNTARILY AND INTELLIGENTLY ENTERED
¶ 9. Pearson argues that his plea was involuntary because he was confused about what was going on in the proceedings. According to Pearson, when his attorney told him to say "yes" or "no", Pearson did it by the coercion of his attorney, who threatened that he may be found guilty and receive a life sentence if he did not enter his plea. This argument is inconsistent with his admissions at the sentencing hearings. Pearson admitted that he was not under the influence of alcohol, that he completely understood the nature of the proceedings, and that he had no physical or mental disabilities that would inhibit his understanding of the proceedings. He admitted that no one did anything to threaten, coerce, or force him to plead guilty.
¶ 10. The circuit judge recited the rights Pearson was relinquishing by entering a guilty plea, and Pearson stated that he understood that he waived his right to self-incrimination. He also admitted that he understood the Constitutional rights he was waiving by pleading guilty. He admitted that the district attorney's office correctly recited the underlying facts of the charges to which he pleaded guilty. He admitted that he understood the minimum and maximum sentences for which he could be charged. The judge explained to him that, if the case went to trial, he would be entitled to a trial by jury and the burden of proof would be on the State to prove that he was guilty beyond a reasonable doubt. The judge explained to Pearson that he was not required to follow any recommendations for a lenient sentence at the sentencing stage.
¶ 11. For Pearson to have entered a valid guilty plea, his guilty plea must be voluntary. Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). A plea is considered voluntary when the defendant knows what the elements are of the charge against him including an understanding of the charge *792 and its relation to him, what effect the plea will have, and what the possible sentence might be because of his plea. Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991) (citing Schmitt v. State, 560 So.2d 148, 153 (Miss.1990)). Despite Pearson's assertions to the contrary, the transcript from the sentencing hearing shows that Pearson was aware of his rights when he entered his guilty plea.

III. WHETHER PEARSON RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL
¶ 12. Pearson claims that he received ineffective assistance of counsel because he was induced to plead guilty because of a fear of a life sentence and because his attorney allowed Pearson to plead guilty to aggravated assault, for which he was never indicted. The test for ineffective assistance of counsel is found under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the first prong of the Strickland test, the movant must show that the counsel's performance was deficient and that this deficient performance prejudiced the defense. This requires showing that counsel made errors so serious that counsel was not functioning as "counsel." Id. at 687, 104 S.Ct. 2052. Under the second prong of Strickland, the movant must show that there is a reasonable probability that, but for the counsel's errors, the result of the proceeding would have been different. Id.
¶ 13. In this case, Pearson has presented no proof that his counsel was ineffective other than making statements in his brief that his counsel was ineffective. These claims do not sufficiently prove Pearson's complaint of ineffective assistance of counsel. In cases involving post-conviction relief, "where a party offers only his affidavit, then his ineffective assistance claim is without merit." Lindsay v. State, 720 So.2d 182, 184(¶ 6) (Miss.1998) (quoting Vielee v. State, 653 So.2d 920, 922 (Miss.1995)).
¶ 14. The evidence also shows that Pearson has failed to meet the second prong of Strickland. Pearson has not shown that he would have changed his plea of guilty if he did receive effective assistance of counsel. The transcript of the sentencing plea shows that Pearson's attorney explained what rights Pearson had with regards to pleading guilty or not pleading guilty, that he explained the district attorney's plea bargain agreement, and that Pearson was satisfied with the services of his attorney.
¶ 15. Pearson has not presented any evidence of erroneous advice by his attorney as to the charges, the facts, or the range of sentence. In fact, the evidence shows that Pearson's counsel was effective in his attempts to lower Pearson's sentences. Before the circuit judge issued his sentencing orders, Pearson's attorney urged the judge to impose a lenient sentence on Pearson. He reminded the court that while Pearson was a prior convicted felon, none of his prior convictions were for violent crimes. He also reminded the court that Pearson had been released from prison on bail after he was indicted for the crimes in question in this case, and he used that time constructively. These attempts to reduce Pearson's prison time are inconsistent with Pearson's claims that his counsel was ineffective in failing to obtain a lenient sentence for him.
¶ 16. Finally, we disagree with Pearson that his attorney was ineffective for allowing him to plead guilty for aggravated assault when he was not indicted for aggravated assault. Aggravated assault is a lesser crime than sexual battery and carries a lower maximum sentence.[2] Pearson's *793 sentence for aggravated assault was nothing more than a part of the State's plea bargain agreement. A conviction for aggravated assault should be affirmed when an indictment affords a defendant and his attorney notice that he can be prosecuted for aggravated assault. Harbin v. State, 478 So.2d 796, 798 (Miss. 1985). Aggravated assault has an easily ascertainable statutory definition, and the crimes Pearson committed support an aggravated assault indictment. Pearson had reasonable notice that he could be convicted of aggravated assault even though the code section number did not appear in his indictment. Id. (citing Jones v. State, 461 So.2d 686, 692-94 (Miss.1984)). Pearson's claims of ineffective assistance of counsel are meritless.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF LAFAYETTE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.
NOTES
[1] The trial judge suspended eight of the twenty years. A trial judge is not allowed to suspend part of a sentence when the accused is a prior convicted felon. Miss.Code Ann. § 47-7-33 (Rev.2004). In this case, however, after the twelve year sentence, Pearson shall be placed in a post-release supervision program under Miss.Code Ann. § 47-7-34 (Rev. 2004). Pearson will undergo no probation; he will undergo post-release supervision, an alternative to probation designed specifically for prior convicted felons. Gaston v. State, 817 So.2d 613, 619(¶ 20) (Miss.2002) (citing Carter v. State, 754 So.2d 1207, 1208 (Miss. 2000)). The suspended sentence comports fully with all applicable law.
[2] Aggravated assault is a crime that carries a maximum sentence of twenty years. Miss. Code Ann. § 97-3-7 (Supp.2003). Sexual battery carries a maximum sentence of thirty years for the first offense and forty years for subsequent offenses. Miss.Code Ann. § 97-3-101 (Rev.2000).