912 So.2d 202 (2005)
Danny Franklin ARNOLD, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-00794-COA.
Court of Appeals of Mississippi.
October 4, 2005.
*203 Danny Franklin Arnold, Appellant, pro se.
Office of the Attorney General by Billy L. Gore, attorney for Appellee.
Before LEE, P.J., MYERS and BARNES, JJ.
BARNES, J., for the Court.
¶ 1. Danny Arnold filed a petition for post-conviction relief on February 11, 2004, in the Circuit Court of Neshoba County. The circuit court found that Arnold had filed a previous motion for post-conviction relief on or about January 9, 2003, which had been dismissed by order on June 4, 2003; consequently, the circuit court held that the petition constituted a second or successive writ and pursuant to Mississippi Code Annotated Section 99-39-23(6) (Rev.2000), was procedurally barred. The petition was summarily dismissed. Arnold, acting pro se, perfected this appeal of that judgment and alleging that his guilty pleas were not voluntary and that he received ineffective assistance of counsel.

ANALYSIS OF THE ISSUE
¶ 2. This Court's standard of review of a lower court's denial of a petition for post-conviction relief mandates that the trial court's factual findings will not be disturbed unless they are found to be clearly erroneous. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999). The applicable standard of review is de novo when questions of law are raised. Id. The issue of whether Arnold's petition is procedurally barred as a second or successive writ is a question of law and is reviewed de novo.
¶ 3. The circuit court's finding that Arnold had previously filed for post-conviction relief on January 9, 2003, and been denied relief on June 4, 2003, is verified by the record. The circuit court's holding that section 99-39-23(6) provides that any order denying relief under this article is a final judgment and shall be conclusive until reversed and shall be a bar to a second or successive motion under this article, is a correct statement of the law. The June 4, 2003 order denying post-conviction relief has not been reversed, as verified by the record; therefore, the final judgment of June 4, 2003, bars this action.
¶ 4. This Court has also examined the record and briefs for any qualified exemptions that might apply to Arnold under the statute and finds that none are applicable.
¶ 5. THE JUDGMENT OF THE CIRCUIT COURT OF NESHOBA COUNTY DISMISSING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NESHOBA COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS AND ISHEE, JJ., CONCUR.