958 So.2d 831 (2007)
Derrick POSS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-00370-COA.
Court of Appeals of Mississippi.
March 20, 2007.
Rehearing Denied June 26, 2007.
*832 Derrick Poss, Appellant, pro se.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before KING, C.J., CHANDLER and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. Derrick Poss pleaded guilty in the Lee County Circuit Court to armed robbery and was sentenced to a term of twenty years in the custody of the Mississippi Department of Corrections, with fifteen years to serve, five years on post-release supervision, and five years suspended at the close of successful post-release supervision. He filed a petition for post-conviction relief in the circuit court, which was summarily denied. He appeals, asserting that his plea was involuntary. Finding that the circuit court did not err, we affirm.

ISSUES AND ANALYSIS
¶ 2. This Court will not reverse a trial court's denial of post-conviction relief on appeal unless the trial court was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150 (Miss.Ct.App.2002).
¶ 3. Poss's argument is that his counsel erroneously informed him, off the record, that he would be eligible for parole after serving twenty-five percent of his sentence. No affidavit was attached to his pleadings showing how he would prove this fact. Poss attached a letter from his attorney stating that the attorney's knowledge is that the exact release date is determined by the Mississippi Department of Corrections.
¶ 4. Where erroneous legal advice on sentencing has been given to a defendant by his counsel, no error attaches if *833 the record affirmatively shows the defendant was correctly advised of his peril by the sentencing court. Roland v. State, 666 So.2d 747, 750 (Miss.1995). In some cases, however, mistaken advice from counsel can vitiate a guilty plea. Gardner v. State, 531 So.2d 805, 809 (Miss.1988). Having viewed the record of the sentencing hearing, it is clear in this case that Poss was thoroughly questioned and fully advised of his potential sentence by the trial court. Therefore, this issue is without merit.
¶ 5. While the only issue Poss specifically addressed in his appeal before this Court is whether his plea was voluntary, we may review pro se arguments for any self-evident errors for which authority would be unnecessary. Kellar v. Mississippi Empl. Sec. Comm'n, 756 So.2d 840, 842(¶ 6) (Miss.Ct.App.2000). Since Poss's claim of erroneous advice as to parole is connected to ineffective assistance of counsel, it is conceivable Poss sought to raise that issue as well, so this Court will address its merits.
¶ 6. The test for ineffective assistance of counsel is well known and requires a showing of deficiency in the performance of counsel and prejudice to the defendant. Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Stringer v. State, 454 So.2d 468, 476-77 (Miss.1984). The letter from Poss's attorney suggests that there was no deficiency in performance. As the letter explicitly states, an experienced attorney wisely advises a defendant to look to the Mississippi Department of Corrections to determine his release date. However, even if we were to assume a deficiency in performance, which we do not, any possible prejudice was cured when the circuit court advised Poss of the potential minimum and maximum sentences. Donnelly v. State, 841 So.2d 207, 211(¶ 7) (Miss.Ct. App.2003). Therefore, there can be no showing of ineffective assistance of counsel.
¶ 7. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND CARLTON, JJ., CONCUR. ROBERTS, J., CONCURS IN RESULT ONLY.