962 So.2d 87 (2007)
Sammie JOHNSON a/k/a Sammie Lee Johnson, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-00149-COA.
Court of Appeals of Mississippi.
July 17, 2007.
*88 Sammie Johnson. Appellant, pro se.
Office of the Attorney General by Jeffrey A. Klingfuss, Attorney for Appellee.
BEFORE KING, C.J., IRVING and ROBERTS, JJ.
KING, C.J., for the Court.
¶ 1. Sammie Johnson appeals the Marshall County Circuit Court's denial of his petition for post-conviction relief. This Court finds that Johnson's claims are procedurally barred and therefore, we affirm the denial of post-conviction relief.

FACTS
¶ 2. A Marshall County Grand Jury indicted Sammie Lee Johnson on a multi-count indictment for one count of capital murder, in violation of Mississippi Code Annotated Section 97-3-19(2)(d) (Rev. 2006), and two counts of accessory after the fact, in violation of Mississippi Code Annotated Section 97-1-5 (Rev.2006). A plea hearing was held on August 19, 2002, at which time Johnson entered a guilty plea. The trial court sentenced Johnson to a term of life in the custody of the Mississippi Department of Corrections, without the possibility of parole.
¶ 3. Subsequent to his plea of guilty, Johnson sought post-conviction relief in the Marshall County Circuit Court. The trial court denied that relief on November 26, 2003, and Johnson did not seek appellate review of that denial.
¶ 4. On July 7, 2005, Johnson filed a second request for post-conviction relief, which was denied on August 30, 2005.
¶ 5. On September 12, 2005, Johnson filed a motion to clarify the August 30, 2005 judgment, which the trial court treated as Johnson's third motion for post-conviction relief. The trial court denied Johnson's third request for post-conviction relief on December 2, 2005.
¶ 6. On January 24, 2006, Johnson filed a notice of appeal of the circuit court's December 2, 2005 decision denying his requested relief. In the meantime, Johnson sought to have his conviction vacated by filing an Application for Vacation of Petitioner's Conviction or, in the Alternative, Remand to the Circuit Court for an Evidentiary Hearing on the Petitioner's Motion to Vacate Conviction. This Court denied the application on March 8, 2006.
¶ 7. We find Johnson's claims are not properly before this Court because (1) the filing of the appeal is untimely and (2) the claims are barred by successive writ.

STANDARD OF REVIEW
¶ 8. This court will not disturb the trial court's decision to deny post-conviction relief unless the trial court's decision *89 proves to be clearly erroneous. Arnold v. State, 912 So.2d 202, 203(¶ 2) (Miss.Ct.App. 2005). The Court, however, reviews questions of law de novo. Hoskins v. State, 934 So.2d 326, 328(¶ 4) (Miss.Ct.App.2006)

ANALYSIS
Whether Johnson's claims are properly before this Court.
¶ 9. Parties seeking appeals from judgments have thirty days from the date of judgment entry to file a notice of appeal with the trial court clerk. M.R.A.P. 4(a). See also Pearson v. State, 906 So.2d 788, 790(¶ 6) (Miss.Ct.App.2004). The State argues Johnson's appeal was untimely filed and, therefore, improperly before the Court. The trial court denied Johnson's third request for post-conviction relief on December 2, 2005. Johnson did not file a notice of appeal until January 24, 2006. He does not present any evidence of a court order extending the time period in which he could file an appeal. Pursuant to Rule 2(a)(1) of the Mississippi Rules of Appellate Procedure, Johnson's appeal shall be dismissed for failure to timely file his appeal. Penn v. State, 909 So.2d 135, 136(¶ 6) (Miss.Ct.App.2005).
¶ 10. Johnson's claims are also procedurally barred as successive writ. The State legislature has provided for post-conviction relief in Mississippi Code Annotated Sections 99-39-1 to -29 (Supp. 2006). Pursuant to Mississippi Code Annotated Section 99-39-23(6) (Supp.2006), the denial of post-conviction relief is a final judgment, which is a bar to a subsequent request for post-conviction relief unless (1) there has been an intervening decision of the United States Supreme Court or of the Mississippi Supreme Court, which would require a different outcome or sentence, (2) there is newly discovered evidence, which was not previously discoverable, which would have been practically conclusive if available at trial or (3) the defendant claims that this sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
¶ 11. The circuit court dismissed Johnson's post-conviction motion on December 5, 2005, finding it was the third motion Johnson filed for post-conviction relief. Because it was a subsequent request for post-conviction relief, Johnson had the burden of proving that he fit within at least one of the exceptions to Section 99-39-23(6). Should Johnson not provide proof that his claims satisfy a statutory exception to the successive writ bar and the trial court has not previously rendered a decision on the merits of the claims, then those claims are barred from consideration by the Court. Stone v. State, 872 So.2d 87, 89(¶ 13) (Miss.Ct.App.2004).
¶ 12. Johnson has failed to provide this Court with any facts that would satisfy any of the exceptions to the successive writ bar. This Court's review of the record placed before it also does not suggest the existence of any such exception to the successive writ bar. Accordingly, this Court finds that Johnson's request for post-conviction relief is untimely filed and procedurally barred as a successive writ, and the denial of post-conviction relief is affirmed.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF MARSHALL COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARSHALL COUNTY.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.