MYERS, P.J.,
 

 for the Court.
 

 ¶ 1. The Circuit Court of Lee County denied Derrick Poss’s motion for post-conviction relief as a successive writ. Aggrieved by the denial, Poss appeals arguing that his sentence is illegal Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On October 22, 2003, Poss was indicted by a Lee County grand jury for
 
 *169
 
 armed robbery. On May 10, 2004, Poss pleaded guilty to the charge and was sentenced to twenty years in the custody of the Mississippi Department of Corrections, with fifteen years to serve, five years of post-release supervision, and five years suspended at the close of successful completion of post-release supervision.
 

 ¶ 3. Thereafter, on June 26, 2005, Poss filed a motion for post-conviction relief alleging that his plea was involuntary. The Lee County Circuit Court denied his motion for post-conviction relief, which Poss appealed. This Court addressed Poss’s argument that his guilty plea was involuntary and, the Court also elected to address the issue of ineffective assistance of counsel, finding that it was conceivable that Poss intended to raise such a claim in his pro se appeal.
 
 See Poss v. State,
 
 958 So.2d 831, 833(¶ 5) (Miss.Ct.App.2007). After reviewing Poss’s appeal, we found that the trial court did not err in denying Poss’s motion for post-conviction relief.
 
 Id.
 
 at (¶ 7). Poss also filed a motion for rehearing, which was also denied by this Court.
 

 ¶ 4. On June 23, 2008, Poss filed a second motion for post-conviction relief in the Lee County Circuit Court. He now alleges that his sentence was illegal because he was sentenced under a revised section of Mississippi Code Annotated section 47-7-3 (Rev.2004), which did not become effective until after his sentence. Therefore, he contends that the trial court imposed an impermissible ex post facto sentence. Relying on Mississippi Code Annotation section 99-39-23(6) (Supp.2008), the Lee County Circuit Court denied Poss’s second motion for post-conviction relief as a successive writ. Aggrieved by the denial, Poss appeals. Finding no error, we affirm.
 

 STANDARD OF REVIEW
 

 ¶ 5. “On appeal, the appropriate standard of review for denial of post-conviction relief after an evidentiary hearing is the clearly erroneous standard.”
 
 Johns v. State,
 
 926 So.2d 188, 194(¶29) (Miss.2006) (citing
 
 Reynolds v. State,
 
 521 So.2d 914, 918 (Miss.1988)). “A finding of fact is ‘clearly erroneous’ when, although there is evidence to support it, the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been made.”
 
 Id.
 
 (citations omitted).
 

 WHETHER THE TRIAL COURT ERRED IN DENYING POSS’S MOTION FOR POST-CONVICTION RELIEF.
 

 ¶ 6. The denial of a post-conviction relief motion is a final judgment and bars subsequent requests for post-conviction relief unless: (1) there are issues with the defendant’s supervening insanity prior to the execution of a death sentence; (2) there has been an intervening decision of the United States Supreme Court or of the Mississippi Supreme Court, which would require a different outcome or sentence; (3) there is newly discovered evidence, which was not previously discoverable, that would have been practically conclusive if it were introduced at trial; or (4) the defendant claims that his sentence has expired, or his probation, parole, or conditional release has been unlawfully revoked.
 
 See
 
 Miss.Code Ann. § 99-39-23(6). We will not overturn a denial of a motion for post-conviction relief as a successive writ without a showing that an exception to the successive-writ bar exists.
 
 Johnson v. State,
 
 962 So.2d 87, 89(¶ 12) (Miss.Ct.App.2007).
 

 ¶ 7. Poss has the burden of proving that he fits within one of the exceptions to Mississippi Code Annotated section 99-39-26(6).
 
 See id.
 
 at 89(¶ 11). Poss argues
 
 *170
 
 that he was sentenced under a revised section of Mississippi Code Annotated section 47-7-3, which was not effective at the time of his sentencing. He alleges that the portion of the statute that was effective at the time of his sentencing would have allowed him to be eligible for parole, while the subsequently revised statute, does not provide him the possibility of receiving parole.
 

 ¶ 8. We disagree. As this Court has held, “Mississippi Code Annotated section 47 — 7—3(1)(d)(ii) .... forecloses armed robbers convicted after October 1, 1994, from parole eligibility.”
 
 Gladney v. State,
 
 963 So.2d 1217, 1222(¶ 16) (Miss.Ct.App.2007) (citations omitted);
 
 see also McCuiston v. State,
 
 791 So.2d 315, 317(¶ 7) (Miss.Ct.App.2001). Therefore, because Poss pleaded guilty to armed robbery, he was not eligible for parole under the applicable statute at the time of his sentence.
 

 ¶ 9. Accordingly, we find that Poss’s motion for post-conviction relief is procedurally barred as an impermissible successive writ, as Poss has failed to show that his motion falls within any of the exceptions to Mississippi Code Annotated section 99-39-23(6) (Supp.2008). Therefore, we affirm the circuit court’s judgment denying Poss’s motion for post-conviction relief.
 

 VIO. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
 

 KING, C.J., LEE, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR.