## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2015-CP-01892-COA

**TIM TURNER**                                                       **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                             **APPELLEE**

DATE OF JUDGMENT:             12/01/2015
TRIAL JUDGE:                  HON. JAMES SETH ANDREW POUNDS
COURT FROM WHICH APPEALED:    ITAWAMBA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       TIM TURNER (PRO SE)
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                              BY: ALICIA MARIE AINSWORTH
NATURE OF THE CASE:           CIVIL - POSTCONVICTION RELIEF
TRIAL COURT DISPOSITION:      DISMISSED PETITION FOR
                              POSTCONVICTION RELIEF
DISPOSITION:                  AFFIRMED - 06/13/17
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE IRVING, P.J., CARLTON AND WESTBROOKS, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1.     Tim Turner appeals the Itwamba County Circuit Court's dismissal of his second petition for postconviction relief (PCR).  Finding no error, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2.     On September 28, 2011, Turner entered a guilty plea on one enhanced count of sale of a controlled substance (cocaine).  Turner was sentenced to thirty years in the custody of the Mississippi Department of Corrections (MDOC).  Twenty-eight years of the sentence were suspended, followed by five years of postrelease supervision (PRS).  Turner was given two years of credit for time served and was released on PRS.  On November 23, 2011, the

State filed a petition to revoke Turner's PRS and to impose his suspended sentence after Turner failed a drug test and failed to comply with other conditions of his release.

¶3. On December 8, 2011, a hearing was held on the State's petition. At the conclusion of the hearing, the court found that Turner violated the conditions of his PRS by failing to report to the MDOC; failing to abstain from using illegal drugs; failing to avoid people or places of disreputable or harmful character; and failing to pay court costs and restitution as ordered. As a result, the trial court modified Turner's PRS and ordered him to complete an in-patient rehabilitation program.

¶4. On March 15, 2012, Turner was discharged from the program after testing positive for cocaine. The State filed a second petition to revoke Turner's PRS and impose the suspended sentence. The second revocation hearing was held on May 14, 2012. During the hearing, Turner asserted irregularities in his urinalysis, contending that the positive test was not his. Due to the alleged irregularities, Turner performed a hair-follicle drug test to dispute the findings of the urinalysis, and the follicle test was positive for cocaine as well.

¶5. Turner then sought to have his urine sample retested; however, the lab had disposed of the urine. The circuit court found Turner in violation of the terms of his modified PRS. Turner's twenty-eight-year sentence was imposed, with eight years suspended and five years to serve on PRS. Turner was returned to the custody of the MDOC. Turner subsequently filed his first PCR petition, arguing that the revocation of his PRS was illegal, his sentence was too harsh, and the March 15, 2012 urinalysis was improper and invalid.

¶6. On October 8, 2013, the circuit court denied his PCR petition, and Turner appealed

to this Court. We affirmed the circuit court's decision, and the Mississippi Supreme Court denied certiorari. On November 3, 2015, Turner filed his second PCR petition. The circuit court dismissed Turner's second PCR petition, finding that it lacked merit. From that order, Turner now appeals. Finding no error, we affirm.

## STANDARD OF REVIEW

¶7. The circuit court may summarily dismiss a PCR petition "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief[.]" Miss. Code Ann. § 99-39-11(2) (Rev. 2007). "On appeal, this Court will affirm the summary dismissal of a PCR [petition] if the petitioner has failed to demonstrate 'a claim procedurally alive substantially showing the denial of a state or federal right.'" *Flowers v. State*, 978 So. 2d 1281, 1283 (¶5) (Miss. Ct. App. 2008) (quoting *Young v. State*, 731 So. 2d 1120, 1122 (¶9) (Miss. 1999)). This Court, however, reviews questions of law de novo. *Johnson v. State*, 962 So. 2d 87, 89 (¶8) (Miss. Ct. App. 2007).

## DISCUSSION

### I. Whether Turner's due-process right to confront an adverse witness was denied.

¶8. Turner contends that his right to confront and cross-examine adverse witnesses was violated during the revocation hearing. Turner asserts that the lab technician who conducted the urinalysis should have been present to testify regarding the accuracy of the test. Turner maintains that since his probation officer lacked direct knowledge of the collection and testing of the urine sample, he should not have been permitted to testify as to the results.

3

However, Turner admits that he did not subpoena the lab technician, yet he still maintains that the circuit court erred in admitting the urinalysis results. We disagree.

¶9. At no time during the hearing did Turner object to the admission of the urinalysis results on the basis of the State's failure to sufficiently establish the chain of custody. Turner maintains that since his counsel questioned the accuracy of the urinalysis during an in-chambers conference, the circuit court should have required the presence of the lab technician. We do not agree. "The failure to make a contemporaneous objection bars [a defendant] from raising [the] issue for the first time on appeal." *Smith v. State*, 724 So. 2d 280, 319 (¶155) (Miss. 1998). "A trial judge will not be found in error on a matter not presented to him for [a] decision." *Jones v. State*, 606 So. 2d 1051, 1058 (Miss. 1992).

¶10. Turner never explicitly objected to the admission of the urinalysis results. Merely questioning the accuracy of the evidence is not enough to raise an objection to its admission at trial. Moreover, Turner could have subpoenaed the lab technician as a part of his defense, yet he did not. The circuit court had no obligation to subpoena witnesses to aid Turner in his defense. Turner was responsible for subpoenaing the lab technician and making contemporaneous objections to the admissibility of the evidence, yet he did not. Therefore, we find no error.

II. **Whether there was sufficient evidence presented to support the revocation of Turner's PRS**.

¶11. Turner further argues that the State failed to prove by a preponderance of the evidence that he violated the terms and conditions of his PRS. Turner asserts that all evidence submitted to support the revocation of his PRS was inadmissible hearsay. Turner asserts that

4

the absence of the lab technician prevented the chain of custody from being established. Nevertheless, Turner never made a contemporaneous objection on the grounds of inadmissible hearsay; therefore, the issue is procedurally barred. *Smith*, 724 So. 2d at 319 (¶155). However, we will address whether the preponderance of the evidence supports the revocation of Turner's PRS.

¶12. Turner tested positive for cocaine after he returned to in-patient rehabilitation on a three-hour pass. He contested the accuracy of the urinalysis and an independent hair-follicle test that was performed. The hair-follicle test also was positive for cocaine. Turner then sought to have the urine retested, but the urine sample had been destroyed. Turner's argument hinges solely on the urinalysis and completely ignores the fact that his hair-follicle test was positive for cocaine. Moreover, the hair-follicle test, standing alone, establishes by a preponderance of the evidence that Turner used cocaine while on PRS. The terms of his PRS were violated because of his cocaine use. Moreover, the trial court found that Turner violated additional terms of his PRS by failing to report to his probation officer and failing to pay his court-ordered restitution. We therefore find that the revocation of Turner's PRS was supported by a preponderance of the evidence.

### III. Whether Turner's PCR petition is time-barred and successive-writ barred.

¶13. "Under the Uniform Post-Conviction Collateral Relief Act, a motion for relief following a guilty plea is untimely unless filed within three years after entry of the judgment of conviction." *Smith v. State*, 118 So. 3d 180, 182 (¶7) (Miss. Ct. App. 2013) (citation omitted) (citing Miss. Code Ann. § 99-39-5(2) (Supp. 2012)). Turner asserts that his PCR

5

petition is not time-barred since his claim is one of the unlawful revocation of probation. However, the State argues that Turner's PCR petition is time-barred and successive-writ barred, because the PCR petition was filed more than three years after his guilty plea, and this is his second PCR petition. We agree that Turner's motion is time-barred and successive-writ barred.

¶14. A PCR motion challenging a guilty plea must be filed within three years of the entry of the judgment of conviction. Miss. Code Ann. § 99-39-5(2) (Rev. 2015). Additionally, a trial court's denial of a PCR motion is a final judgment and bars a second or successive motion unless an exception applies. Miss. Code Ann. § 99-39-23(6) (Rev. 2015). Though there are exceptions, those exceptions are not applicable to Turner's appeal. The revocation of Turner's PRS was justified by his failure to comply with the conditions of his release. Moreover, Turner filed this PCR petition more than three years after his guilty plea, and this is his second PCR petition. Therefore, we find that his PCR petition is time-barred and successive-writ barred. Finding no error, we affirm.

¶15. **THE JUDGMENT OF THE CIRCUIT COURT OF ITAWAMBA COUNTY DISMISSING THE PETITION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ITAWAMBA COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**