724 So.2d 933 (1998)
Mack H. WILTCHER a/k/a Mack Henry Wiltcher a/k/a Mack Wilcher a/k/a Matt Wilcher, Appellant,
v.
STATE of Mississippi, Appellee.
No. 96-KA-00757 COA.
Court of Appeals of Mississippi.
November 24, 1998.
*935 Edmund Julius Phillips, Jr., Newton, Attorney for Appellant.
Office of the Attorney General By Scott Stuart, Jackson, Attorney for Appellee.
BEFORE THOMAS, P.J., DIAZ, AND HERRING, JJ.
DIAZ, J., for the Court.
¶ 1. Mack Wiltcher was convicted of capital rape and sentenced to life in prison. From this conviction, he perfects his appeal to this Court and argues (1) that he received ineffective assistance of counsel, (2) that the trial court erred in admitting testimony concerning prior incidents of sexual abuse, and (3) that the verdict is against the overwhelming weight of the evidence. Finding his arguments without merit, we affirm.

FACTS
¶ 2. On October 6, 1995, Mack Wiltcher was indicted for the February 1995 capital rape of his then ten-year-old step-granddaughter, L.E. L.E. lived with her grandmother and step-grandfather from February 1994 until February 1995. One night when no one else was home, L.E. testified that Wiltcher told her to sit on his lap and remove her pants. According to L.E., Wiltcher also removed his pants and proceeded to have sexual intercourse with her. L.E. told her father about the abuse she suffered and thereafter moved into her father's home in the latter part of February 1995. L.E.'s stepmother then took L.E. to Dr. Gale Harrell's office for an examination. Dr. Harrell found evidence of sexual contact and concluded that L.E.'s vagina had been penetrated. Wiltcher was then charged with the capital rape of L.E. Following a jury trial, Wiltcher was found guilty as charged and was sentenced to life imprisonment. It is from this conviction that Wiltcher now brings forth his appeal to this Court.

DISCUSSION

I. DID WILTCHER RECEIVE INEFFECTIVE ASSISTANCE OF COUNSEL?
¶ 3. Wiltcher argues that he received ineffective assistance of counsel due to his attorney's failure (1) to timely object to the absence of the date of the crime on the indictment, (2) to object to questions regarding prior instances of abuse between Wiltcher and L.E., (3) to admit the medical report showing that Wiltcher did not suffer from chlamydia, (4) to object to L.E.'s physician's hearsay testimony, and (5) to give notice of his intent to offer evidence of L.E.'s prior unchaste character. In order to succeed on any ineffective assistance of counsel claim, the appellant must satisfy the two-part test articulated in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), as adopted by the Mississippi Supreme Court in Stringer v. State, 454 So.2d 468, 477 (Miss.1984), which requires a showing that (1) counsel's performance was deficient and (2) that the deficiency prejudiced the defense. "The burden to demonstrate both prongs is on the defendant who faces a strong but rebuttable presumption that counsel's performance falls within the broad spectrum of reasonable professional assistance." Eakes v. State, 665 So.2d 852, 872-73 (Miss. *936 1995). "Only where there is a reasonable probability that without counsel's errors the outcome of the trial would have been different will this Court find ineffective representation." Id. at 873.
¶ 4. Wiltcher first argues that since his indictment was silent as to the date on which the offense allegedly occurred, that his attorney had a duty to object in a timely fashion, and that his failure to do so prejudiced Wiltcher's defense. The Mississippi Supreme Court in Fisher v. State, 690 So.2d 268, 270-71 (Miss.1996), found that the defendant was afforded sufficient notice of the charges he was facing when the indictment provided that the crime was committed within a thirty-one day period. The indictment in the present case charged Wiltcher with raping L.E. during February of 1995, which was a twenty-eight day period. If the indictment as a whole gives the accused fair notice of the charges against him, the indictment is legally sufficient. Harbin v. State, 478 So.2d 796, 799 (Miss.1985). We cannot say but for the lack of a timely objection to the indictment the outcome of Wiltcher's case would have been any different.
¶ 5. Wiltcher next argues that his attorney's failure to object to questions regarding prior instances of sexual intercourse between Wiltcher and L.E. provided him with ineffective assistance of counsel. However, "`substantially similar acts with the same person, that is, sexual acts of the same general type as those charged in the indictment,' are probative and admissible." Nicholson v. State, 704 So.2d 81(¶ 15) (Miss. 1997) (quoting Elmore v. State 510 So.2d 127, 131 (Miss.1987)). We are confident that even if Wiltcher's attorney had offered an objection to L.E.'s testimony regarding prior instances of abuse, he would have been unsuccessful in keeping the testimony from the jury's consideration.
¶ 6. Wiltcher next argues that he received ineffective assistance of counsel due to his attorney's failure to admit into evidence the medical report showing that Wiltcher did not have chlamydia. The State had previously elicited from L.E.'s treating physician, Dr. Gale Harrell, that L.E suffered from chlamydia. Wiltcher now claims that his attorney erred in failing to have potentially exculpatory evidence presented to the jury. While counsel's failure to have the report admitted may have constituted a deficient performance, "[t]he totality of the evidence before the judge or jury should be considered in assessing whether there was prejudice...." Leatherwood v. State, 473 So.2d 964, 969 (Miss.1985). In the present case, L.E. testified that Wiltcher had engaged in sexual intercourse with her, and Dr. Harrell testified that he found evidence of sexual contact when examining L.E. It seems doubtful that the jury would have reached a different verdict even if Wiltcher's attorney had admitted the medical report into evidence.
¶ 7. Wiltcher next claims that his attorney prejudiced his defense by failing to object to Dr. Harrell's hearsay testimony regarding L.E.'s statements to him concerning the abuse which her step-grandfather inflicted upon her. The supreme court has held that hearsay testimony which identifies the perpetrator in a sexual abuse case is admissible under M.R.E. 803(4). Hennington v. State, 702 So.2d 403 (¶ 49) (Miss.1997). Had counsel for the defense objected to Dr. Harrell's testimony, the trial judge would have almost certainly overruled the objection.
¶ 8. Wiltcher finally argues that he was denied the effective assistance of counsel because his attorney failed to provide the State with notice pursuant to M.R.E. 412(c)(1) that Wiltcher intended to offer evidence of L.E.'s unchaste character. Due to counsel's failure to provide adequate notice, Wiltcher was precluded from offering evidence as to L.E.'s sexual promiscuity. Assuming that counsel's performance was indeed deficient in this circumstance, "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Mack v. State, 97-DP-00375-SCT (¶ 5), ___ So.2d ___ (Miss.1998) (quoting Strickland, 466 U.S. at 686, 104 S.Ct. 2052). We cannot say that but for these alleged errors, the outcome in this case would have been different. *937 Because Wiltcher fails to meet his burden of demonstrating both prongs of the Strickland test, we dismiss this assignment of error as lacking in merit.

II. DID THE TRIAL COURT ERR IN ADMITTING TESTIMONY REGARDING PRIOR INCIDENTS OF SEXUAL ABUSE?
¶ 9. Wiltcher claims that L.E.'s testimony concerning prior incidents of sexual abuse constituted an improper attack on his character sufficient to warrant a reversal of his conviction. The supreme court has held that "evidence of substantially similar prior sexual acts with the same person are properly admitted." Hosford v. State, 560 So.2d 163, 165 (Miss.1990). "[S]uch evidence is admissible in this limited situation to show appellant's lustful, lascivious disposition toward his particular victim, especially where, as here, the victim was under the age of consent." White v. State, 520 So.2d 497, 500 (Miss.1988). Clearly, L.E.'s testimony regarding prior incidents of sexual abuse was properly admitted in this case. Accordingly, we find no cause to reverse on this assignment of error.

III. WAS THE VERDICT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 10. In making the determination of whether a verdict is against the overwhelming weight of the evidence, this Court must view all evidence in the light most consistent with the jury verdict, and we should not overturn the verdict unless we find that the lower court abused its discretion when it denied the appellant's motion for a new trial. Veal v. State, 585 So.2d 693, 695 (Miss.1991). The proper function of the jury is to decide the outcome in this type of case, and the court should not substitute its own view of the evidence for that of the jury's. Id. Upon reviewing all of the evidence presented in the light most consistent with the verdict, we find that the verdict supported the evidence and that the trial judge did not abuse his discretion in denying Wiltcher's motion for a new trial. Accordingly, we dismiss Wiltcher's final assignment of error as lacking in merit.
¶ 11. THE JUDGMENT OF THE SCOTT COUNTY CIRCUIT COURT OF CONVICTION OF CAPITAL RAPE AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO SCOTT COUNTY.
BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, HERRING, HINKEBEIN, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.