757 So.2d 1016 (2000)
Jerry Lynn DOSS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-CA-00305-COA.
Court of Appeals of Mississippi.
February 15, 2000.
Rehearing denied May 9, 2000.
Andrew E. Franz, Gulfport, Attorney for Appellant.
Office of the Attorney General by Deirdre McCrory, Attorney for Appellee.
BEFORE KING, P.J., BRIDGES, AND MOORE, JJ.
KING, P.J., for the Court:
¶ 1. In March 1995, Jerry Lynn Doss was convicted of the sale of cocaine in the Jefferson County Circuit Court. He was sentenced to serve a term of thirty years in the custody of the Mississippi Department of Corrections. Aggrieved by the conviction and sentence, Doss appealed. On August 12, 1997, this Court affirmed the circuit court's judgment. On December 21, 1998, Doss filed a motion to vacate and set aside the conviction and sentence, which was denied. Aggrieved by the circuit court's ruling, Doss has filed the instant appeal and assigned the following as error: 1) whether the appellant received the effective assistance of counsel and, 2) whether the appellant's sentence was disproportionate to the alleged offense committed.
¶ 2. We find no error and affirm the denial of post-conviction relief.

FACTS
¶ 3. In August 1993, Eli Trunell, a confidential informant, drove James Cotton of the Mississippi, Bureau of Narcotics to the home of Jerry Lynn Doss to make an undercover drug buy. Another agent of the narcotics bureau, Kim Sterling, performed surveillance of the activity from a distance.
¶ 4. When Trunell and Cotton arrived, Doss approached the vehicle and talked briefly with Cotton. Cotton offered Doss $100 in exchange for cocaine. Doss exited and returned to the vehicle with five rocklike substances, later determined to be crack cocaine. Prior to paying Doss the $100, Cotton inquired about the extra rock Doss said that he would receive. Doss again left the vehicle and returned with another rock-like substance. Cotton turned the substance over to the police and Doss was subsequently arrested for selling cocaine.
*1017 ¶ 5. In March of 1995, Doss was convicted and sentenced to serve thirty years in the custody of the Mississippi Department of Corrections. Aggrieved by the conviction and sentence, Doss appealed to this court. This Court found no error and affirmed the conviction and sentence. In December of 1998, Doss filed a motion to set aside and vacate his conviction. The circuit court denied relief. Aggrieved, Doss again appealed to this Court for review.

ANALYSIS AND DISCUSSION OF THE LAW
¶ 6. Because Doss had this case affirmed on direct appeal, Miss.Code Ann. § 99-39-7 (1972) mandated that he obtain permission from the supreme court to seek post-conviction relief from the trial court. This procedure is not merely advisory, but jurisdictional.
¶ 7. Because Doss failed to obtain the required permission from the supreme court, the trial court lacked jurisdiction to entertain his request for post-conviction relief. Likewise, this court lacks jurisdiction to entertain an appeal of that action.
¶ 8. This Court accordingly dismisses this cause for lack of jurisdiction.
¶ 9. THE APPEAL FROM THE CIRCUIT COURT OF JEFFERSON COUNTY IS DISMISSED FOR WANT OF JURISDICTION. COSTS ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.