SOUTHWICK, P.J.,
for the Court:
¶ 1. Mack Wiltcher was convicted of capital rape in the Scott County Circuit Court in 1996. This Court affirmed the conviction, finding no merit in any of Wiltcher’s arguments. Wiltcher v. State, 724 So.2d 933 (Miss.Ct.App.1998).
¶ 2. In 1999, Wiltcher filed a motion in circuit court to overturn his conviction based on newly discovered evidence. Treating the motion as a motion for post-conviction relief, the Scott County Circuit Court held a hearing and denied the motion. Aggrieved, Wiltcher is again an appellant.
¶ 3. Seeking post-conviction relief in circuit court is the proper procedure “except in cases in which the prisoner’s conviction and sentence have been appealed to the supreme court of Mississippi and there affirmed or the appeal dismissed.” Miss. Code Ann. § 99-39-7 (Rev.2000). When “the conviction and sentence have been affirmed on appeal,” the post-conviction relief motion should not be filed without first presenting it “to a quorum of the justices of the supreme court” and an order granted that permits the action. Id.
¶4. Here, though, the conviction was affirmed not by the Supreme Court but by the Court of Appeals. We note that the statute was not amended after the Court of Appeals was created by legislation finalized in 1994. 1994 Miss. Laws ch. 564, § 97, codified as Miss. Code Ann. § 9-4-1 (Supp.2000). All appeals continue to be filed with the Supreme Court, but the Court of Appeals is granted the “power to dispose of any appeal or other proceeding assigned to it by the Supreme Court.” Miss.Code Ann. § 9 — 4—3(1) (Supp.2000). The authority of this Court on a matter properly assigned is plenary, with its decision as final as would be one from the Supreme Court unless a writ of certiorari *1085 is granted. Miss.Code Ann. § 9~4-3(2) (Supp.2000).
¶5. Related statutes should be read together in a harmonious manner and a legislative purpose deduced from a consideration of the whole. Roberts v. Mississippi Republican Party State Executive Committee, 465 So.2d 1050, 1052 (Miss.1985). We interpret section 99-39-7 in harmony with section 9-4-1 as including all cases appealed to the Supreme Court and affirmed or dismissed, no matter which Court exercised the appellate authority. We have previously so held. Doss v. State, 757 So.2d 1016, 1017 (Miss.Ct.App.2000). Wiltcher failed to seek permission from the Supreme Court. Therefore, we dismiss this appeal for lack of jurisdiction.
¶ 6. THE APPEAL FROM THE JUDGMENT OF THE CIRCUIT COURT OF SCOTT COUNTY ON POST-CONVICTION RELIEF IS DISMISSED FOR WANT OF JURISDICTION. COSTS OF THIS APPEAL ARE ASSESSED TO SCOTT COUNTY.
McMILLIN, C.J., KING, P.J., PAYNE, BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., CONCUR.