934 So.2d 326 (2006)
Derron Arnez HOSKINS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-02460-COA.
Court of Appeals of Mississippi.
March 21, 2006.
Rehearing Denied July 25, 2006.
*327 Derron Hoskins, Appellant, pro se.
Office of the Attorney General by Billy L. Gore, for appellee.
Before MYERS, P.J., CHANDLER and GRIFFIS, JJ.
MYERS, P.J., for the Court.
¶ 1. Derron Hoskins pled guilty to wilfully, feloniously, knowingly and intentionally selling, bartering, transferring, distributing or dispensing a controlled substance. The Circuit Court of Yalobusha County sentenced Hoskins on January 20, 2004 to serve twenty years in the custody of the Mississippi Department of Corrections and ten years post-release supervision, five years of reporting supervision and five year non-reporting. This sentence was to run consecutively to Hoskins' federal sentence which he was serving. The Circuit Court of Yalobusha County denied Hoskins' motion for post-conviction relief on October 15, 2004, and Hoskins has appealed raising the following issues.
I. WHETHER OR NOT THE TRIAL COURT ERRED IN FAILING TO HOLD THAT HOSKINS WAS SUBJECTED TO INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT.
II. WHETHER OR NOT THE TRIAL COURT ERRED IN FAILING TO HOLD THAT HOSKINS WAS DENIED DUE PROCESS OF LAW WHEN THE TRIAL COURT STATED THAT THEY HAD NO AUTHORITY TO IMPOSE A STATE SENTENCE TO RUN CONCURRENT WITH A FEDERAL LAW.
III. WHETHER OR NOT THE TRIAL COURT ERRED IN FAILING TO HOLD THAT HOSKINS WAS SUBJECTED TO A DENIAL OF RIGHTS TO DUE PROCESS OF LAW BY IMPROPER GOVERNMENT ACTIONS AND POLICE MISCONDUCT.
IV. WHETHER OR NOT THE TRIAL COURT ERRED IN FAILING TO HOLD THAT HOSKINS WAS SUBJECTED TO A DENIAL OF DUE PROCESS OF LAW UNDER THE FIFTH AND FOURTEENTH AMENDMENTS AND THE DOUBLE JEOPARDY CLAUSE WHERE APPELLANT WAS PROSECUTED BY THE STATE OF MISSISSIPPI AND THE FEDERAL GOVERNMENT FOR THE SAME CRIME AND WHERE THE COURT REFUSED TO ALLOW SENTENCES IMPOSED BY THE TWO GOVERNMENT ENTITIES TO RUN CONCURRENTLY.
V. WHETHER OR NOT THE TRIAL COURT ERRED IN FAILING TO GRANT HOSKINS AN EVIDENTIARY *328 HEARING WHERE THE CLAIMS PRESENTED IN THE POST-CONVICTION RELIEF MOTION WHERE FACTUAL AND CLEARLY DEMONSTRATED THAT, IF PROVEN, HOSKINS WOULD BE ENTITLED TO RELIEF.

FACTS
¶ 2. Hoskins was indicted on January 13, 2003, for wilfully, feloniously, knowingly and intentionally selling, bartering, transferring, distributing or dispensing a controlled substance. On January 20, 2004, Hoskins entered a guilty plea and was sentenced to twenty years in the custody of the Mississippi Department of Corrections and to ten years of post-release supervision. Hoskins had already entered a guilty plea in federal court on May 8, 2003, for the sale of cocaine and had been sentenced to fourteen years in a federal penal institution on August 27, 2003. Therefore, at the time of Hoskins' guilty plea in the Circuit Court of Yalobusha County, he was serving his federal sentence at the federal penal institution in Yazoo City. Hoskins' state sentencing order stated that the federal and state sentences were to run consecutively. Hoskins is currently incarcerated in the federal penal institution in Yazoo City.

ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 3. Post-conviction collateral relief is "to provide prisoners with a procedure, limited in nature, to review those objections, defenses, claims, questions, issues or errors which in practical reality could not be or should not have been raised at trial or on direct appeal." Miss.Code Ann. § 99-39-3(2) (Supp.2005). Post-conviction relief is not the same or a substitute for direct appeal.

STANDARD OF REVIEW
¶ 4. This Court will not disturb the trial court's factual findings, when reviewing a decision to deny a petition for post-conviction relief, unless they are found to be clearly erroneous. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999). However, the applicable standard of review is de novo where questions of law are raised. Id. at 598(¶ 6).

I. WHETHER OR NOT THE TRIAL COURT ERRED IN FAILING TO HOLD THAT HOSKINS WAS SUBJECTED TO INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT.
¶ 5. In order to prove ineffective assistance of counsel, Hoskins must prove by a preponderance of the evidence that (1) counsel's performance was defective, and (2) the defect was so prejudicial that it prevented Hoskins from receiving a fair trial. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Moody v. State, 644 So.2d 451, 456 (Miss.1994). The proper standard that is required to show prejudice requires Hoskins to prove that there is a reasonable probability that, but for counsel's errors, the trial court's result would have been different. Strickland, 466 U.S. at 669, 104 S.Ct. 2052. The burden is on Hoskins to prove both prongs of the test. Id.
¶ 6. However, in this case Hoskins entered an open plea and admitted to the judge that he took full responsibility for the crime he committed. Hoskins argues that the record reflects counsel's ineffective assistance; however, we disagree. Hoskins has failed to meet the two-prong test set out in Strickland. Strickland, 466 U.S. at 687, 104 S.Ct. 2052. Hoskins has the burden of proof for the first prong and "there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at *329 689, 104 S.Ct. 2052. Hoskins has the burden of proof under the second prong even if counsel's conduct is "professionally unreasonable;" however, "if the error had no effect on the judgment" the judgment still stands. Id. at 691, 104 S.Ct. 2052. Hoskins pled guilty to a serious crime and was sentenced within statute guidelines; therefore, Hoskins has not met this heavy burden by showing any evidence that results in a deficiency in counsel's performance and that is sufficient to prejudice the defense. Id. This issue is without merit.
II. WHETHER OR NOT THE TRIAL COURT ERRED IN FAILING TO HOLD THAT HOSKINS WAS DENIED DUE PROCESS OF LAW WHEN THE TRIAL COURT STATED THAT THEY HAD NO AUTHORITY TO IMPOSE A STATE SENTENCE TO RUN CONCURRENT WITH A FEDERAL LAW.
¶ 7. Hoskins argues that the trial court erred when it sentenced him to serve twenty years in the custody of the Mississippi Department of Corrections with this sentence running consecutively with his federal sentence. Hoskins provides us with no law to support this contention; therefore, we decline to address it. The Court need not address an issue if the appellant fails to make an argument pursuant to Rule 28(a)(6) of the Mississippi Rules of Appellate Procedure. Newell v. State, 754 So.2d 1261, 1264-65(¶ 6) (Miss. Ct.App.1999).
III. WHETHER OR NOT THE TRIAL COURT ERRED IN FAILING TO HOLD THAT HOSKINS WAS SUBJECTED TO A DENIAL OF RIGHTS TO DUE PROCESS OF LAW BY IMPROPER GOVERNMENT ACTIONS AND POLICE MISCONDUCT.
IV. WHETHER OR NOT THE TRIAL COURT ERRED IN FAILING TO HOLD THAT HOSKINS WAS SUBJECTED TO A DENIAL OF DUE PROCESS OF LAW UNDER THE FIFTH AND FOURTEENTH AMENDMENTS AND THE DOUBLE JEOPARDY CLAUSE WHERE APPELLANT WAS PROSECUTED BY THE STATE OF MISSISSIPPI AND THE FEDERAL GOVERNMENT FOR THE SAME CRIME AND WHERE THE COURT REFUSED TO ALLOW SENTENCES IMPOSED BY TWO GOVERNMENT ENTITIES TO RUN CONCURRENTLY.
V. WHETHER OR NOT THE TRIAL COURT ERRED IN FAILING TO GRANT HOSKINS AN EVIDENTIARY HEARING WHERE THE CLAIMS PRESENTED IN THE POST-CONVICTION RELIEF MOTION WHERE FACTUAL AND CLEARLY DEMONSTRATED THAT, IF PROVEN, HOSKINS WOULD BE ENTITLED TO RELIEF.
¶ 8. Since these issues deal with Hoskins' constitutional rights we find it appropriate that they be discussed together. Hoskins asserts that the police performed outrageous misconduct during the investigation of his case violating his due process rights. Hoskins goes further to argue that his Fifth and Fourteenth Amendment rights were violated as a result of sentencing entrapment and sentencing manipulation, and as a result of these violations, he is entitled to an evidentiary hearing.
¶ 9. A criminal defendant may waive his right to a jury trial. Robinson v. State, 345 So.2d 1044, 1045 (Miss.1977). When a defendant pleads guilty, he waives his constitutional rights against self-incrimination, his right to confront witnesses against him, his right to a jury trial and his right that each element of the offense be proven. Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1990). The record reflects that the trial judge questioned Hoskins thoroughly at his sentencing and made certain that he understood his rights and *330 the possible maximum sentence. The Mississippi Supreme Court has stated that a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which include rights secured by the Fifth, Sixth and Fourteenth Amendments of the United States Constitution. Anderson v. State, 577 So.2d 390, 391 (Miss.1991). Hoskins asserts a double jeopardy violation in his issue statement, but he fails to make an argument in his brief. However, this Court would like to point out that the failure to address a double jeopardy claim at the trial court level concludes the issue, and it cannot be raised for the first time in a post-conviction relief motion. Henley v. State, 749 So.2d 246, 249(¶ 11) (Miss.Ct. App.1999). We therefore, find this issue to be without merit.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF YALOBUSHA COUNTY DISMISSING MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO YALOBUSHA COUNTY.
KING, C.J., LEE, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, AND ROBERTS, JJ., CONCUR.