966 So.2d 856 (2007)
Glen CRAFT a/k/a Glen Kraft a/k/a Glen J. Craft a/k/a Glyn Craft a/k/a Glyn J. Craft a/k/a Glyn Jenmel Craft a/k/a Glen Jemel Craft, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-01636-COA.
Court of Appeals of Mississippi.
October 2, 2007.
Glen Craft, pro se.
*857 Office of the Attorney General by John R. Henry, attorney for appellee.
Before KING, C.J., CHANDLER and CARLTON, JJ.
KING, C.J., for the Court.
¶ 1. Glen Craft appeals the Marion County Circuit Court's denial of his petition for post-conviction relief. This Court finds that Craft's claims are not properly before it, and the appeal must be dismissed.

FACTS
¶ 2. Craft was indicted for the sale of cocaine in violation of Mississippi Code Annotated Section 41-29-139(a)(1) (Rev. 2005) as a third offense. After a jury trial, Craft was convicted of the sale of cocaine as a habitual offender and was sentenced to sixty years in the custody of the Mississippi Department of Corrections without the possibility for parole. Craft appealed the conviction and sentence which this Court affirmed on May 12, 1998.
¶ 3. Subsequent to his appeal, Craft filed a motion for post-conviction relief in Marion County Circuit Court. The trial court denied the motion on March 10, 2006. It was not until May 18, 2006, that Craft's notice of appeal was stamped filed, a total of sixty-nine days after the trial court denied the request for post-conviction relief.

STANDARD OF REVIEW
¶ 4. This Court will not disturb the trial court's decision to deny post-conviction relief unless the trial court's decision was clearly erroneous. Arnold v. State, 912 So.2d 202, 203(¶ 2) (Miss.Ct.App.2005). However, this Court reviews questions of law de novo. Hoskins v. State, 934 So.2d 326, 328(¶ 4) (Miss.Ct.App.2006).

ANALYSIS
I. Whether the trial court had jurisdiction to hear the request for post-conviction relief
¶ 5. Prior to addressing the merits of Craft's appeal, we must address whether or not this appeal is properly before this Court. The first issue we must address is whether the trial court had jurisdiction to hear the motion for post-conviction relief.
¶ 6. Since Craft had his conviction and sentence affirmed on direct appeal, Mississippi Code Annotated Section 99-39-7 (Rev.2000) mandated that he receive leave from the supreme court to seek post-conviction relief at the trial court. Further, this Court has held that "[t]his procedure is not merely advisory, but jurisdictional." Doss v. State, 757 So.2d 1016, 1017(¶ 6) (Miss.Ct.App.2000).
¶ 7. After a thorough review of the record presented to us, we cannot find any suggestion that Craft sought leave from the supreme court, much less received the supreme court's permission to seek post-conviction relief at the trial court level. Without such permission the trial court lacked jurisdiction to consider Craft's motion. Id. at (¶ 7). "Likewise, this Court lacks jurisdiction to entertain an appeal of that action." Id.
II. Whether Craft's appeal is untimely
¶ 8. Even if Craft sought and received permission from the supreme court to file his motion for post-conviction relief, the appeal is untimely. A party who seeks an appeal from judgment has thirty days from the date of judgment to file a notice of appeal with the trial court. M.R.A.P. 4(a). Rule 2(a)(1) of the Mississippi Rules of Appellate Procedure states that "[a]n appeal shall be dismissed if the notice of appeal was not timely filed pursuant to Rules 4 or 5." (emphasis added)
*858 ¶ 9. Here, the trial court denied Craft's motion for post-conviction relief on March 10, 2006. According to Rule 4(a), Craft had thirty days from the entry of that judgment in which to file his appeal. Those thirty days expired on April 9, 2006, but since that was a Sunday, Rule 6(a) of the Mississippi Rules of Civil Procedure states that Craft would have until the following Monday to file his notice of appeal.
¶ 10. Craft's notice of appeal was stamped filed on May 18, 2006. Since Craft's motion was pro se and he was incarcerated when he mailed the notice of appeal, the prison mailbox rule applies. Sykes v. State, 757 So.2d 997, 1000-01(¶ 14) (Miss.2000). The prison mailbox rule states that a prisoner's motion is delivered for filing on the date that the prisoner submitted the papers to prison authorities for mailing. Id. Further, "proof of the date of mailing may consist of a prison mail log or other means of record keeping which prison authorities find expeditious[.]" Melton v. State, 930 So.2d 452, 454(¶ 7) (Miss.Ct.App.2006). Since the State is the party moving for dismissal of the appeal in this case, it bears the burden of proving that the notice of appeal was not timely filed. Gaston v. State, 817 So.2d 613, 616(¶ 6) (Miss.Ct.App.2002).
¶ 11. Here, the State has met its burden of proof by including in its filings with this Court, a copy of Craft's mail transaction history from March 10, 2006, through May 20, 2006. A notarized certificate of authenticity is attached to the mail transaction history signed by Gia McLeod, an employee of the Mississippi Department of Corrections. According to the log, the only items Craft presented to the prison authorities for mailing were logged on May 16, 2006.
¶ 12. Therefore, the date that Craft's notice of appeal is to be considered filed is May 16, 2006. That date is sixty-seven days after the trial court denied the motion for post-conviction relief, which is well passed the thirty days allowed by Rule 4(a). Also, the record does not contain an order granting Craft an extension to the thirty day time limit. Pursuant to Rule 2(a)(1) of the Mississippi Rules of Appellate Procedure, Craft's appeal shall be dismissed for failure to timely file his appeal. Penn v. State, 909 So.2d 135, 136(¶ 6) (Miss.Ct.App.2005).
¶ 13. THIS APPEAL IS DISMISSED FOR LACK OF JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARION COUNTY.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.