ISHEE, J., for the Court.
¶ 1. Carl Lee Johnson appeals the Coa-homa County Circuit Court’s order denying his petition for writ of habeas corpus for post-conviction relief. This Court finds that Johnson’s claims are not properly before it, and his appeal must, therefore, be dismissed.
FACTS
¶ 2. Johnson was convicted in May 1995 in the Coahoma County Circuit Court on a charge of aggravated assault of a police officer. He was sentenced by a jury as a habitual offender to a term of life imprisonment in the custody of the Mississippi Department of Corrections without eligibility for parole. His conviction and sentence were affirmed by this Court on appeal, and his petition for writ of certiorari was denied by the Mississippi Supreme Court.
¶ 3. Johnson filed three previous applications for leave from the supreme court to seek post-conviction relief that were denied in February, March, and May 2000. He also filed a petition for writ of habeas corpus in the United States District Court for the Northern District of Mississippi that was denied in October 2000. Six years later, he filed the present petition for writ of habeas corpus for post-conviction relief in the circuit court in December 2006, and it was summarily denied because it was time-barred. Johnson filed a timely appeal which is now before this Court.
STANDARD OF REVIEW
¶ 4. This Court will not reverse a trial court’s denial of a motion for post-conviction relief unless we find the decision to be clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶3) (Miss.Ct.App.2002). However, when reviewing questions of law, the applicable standard of review is de novo. Hoskins v. State, 934 So.2d 326, 328(¶ 4) (Miss.Ct.App.2006).
DISCUSSION

Whether the circuit court had jurisdiction to review Johnson’s petition.

¶ 5. Before we begin reviewing the issues raised by Johnson on appeal, we must first determine whether the circuit court had jurisdiction to review his petition for writ of habeas corpus. Mississippi Code Annotated section 99-39-7 (Rev.2007) clearly states:
Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion [for post-conviction relief] shall not be filed in the trial court until the motion shall have first been presented to a quorum of the justices of the supreme court of Mississippi, convened for said purpose either in term-time or in vacation, and an order granted allowing the filing of such motion in the trial court.
Johnson asserts that his petition was not subject to the statutory mandate because he did not file it pursuant to the Mississippi Uniform Post-Conviction Relief Act at Mississippi Code Annotated sections 99-39-1 to 99-39-27 (Rev.2007). Instead, he argues that he filed his petition under Rule 8.01 of the Uniform Criminal Rules of Circuit Court, which was in effect at the time of his conviction. However, his argument is without merit because Mississippi Code Annotated section 99-39-3 (Rev. 2007) “abolishe[d] the common law writs relat[ed] to post-conviction collateral relief,” and the writ of habeas corpus was included among those repealed. Therefore, the petition that Johnson filed in the Coahoma County Circuit Court for a writ of habeas corpus must be treated as a *909 motion for post-conviction relief. See Jackson v. State, 915 So.2d 484, 485(¶ 4) (Miss.Ct.App.2005).
¶ 6. This Court has consistently held that if a conviction and sentence were affirmed on appeal, the statutory requirement to receive permission from the supreme court before seeking post-conviction relief at the trial court is “not merely advisory, but jurisdictional.” Doss v. State, 757 So.2d 1016, 1017(¶ 6) (Miss.Ct. App.2000). Johnson filed several applications seeking leave from the supreme court in 2000, all of which were denied, and he did not seek leave before filing this petition. Because he did not have the supreme court’s permission to file a motion for post-conviction relief with the Coahoma County Circuit Court, the circuit court lacked jurisdiction to entertain Johnson’s motion. See Craft v. State, 966 So.2d 856, 857(¶ 7) (Miss.Ct.App.2007). Similarly, this Court is also without jurisdiction to review Johnson’s appeal.
¶7. THIS APPEAL IS DISMISSED FOR LACK OF JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES AND CARLTON, JJ., CONCUR. ROBERTS, J., CONCURS IN RESULT ONLY.