MAXWELL, J.,
 

 for the Court:
 

 ¶ 1. Roosevelt Barnes appeals the denial of his motion for post-conviction relief by the Circuit Court of Pike County. Finding Barnes did not timely appeal, we dismiss his appeal for lack of jurisdiction.
 

 FACTS
 

 ¶ 2. In 2007, the State charged Barnes for uttering a forgery. His indictment was based on allegations he took a check from his employer, made the check out for $250, forged his name as the payee, and cashed the check at the Winn-Dixie in McComb, Mississippi. Barnes, assisted by appointed counsel, withdrew his initial not-guilty plea and entered a guilty plea to the forgery charge. The circuit court questioned Barnes during the plea hearing and found Barnes’s guilty plea was intelligently, knowingly, and voluntarily made. The circuit court followed the State’s recommendation and sentenced Barnes to ten years in the custody of the Mississippi Department of Corrections. The circuit court ordered that Barnes, who had a prior grand larceny conviction, serve one year in the Intensive Supervision Program (house arrest) and suspended the remaining nine years of his sentence.
 
 [1]
 
 Because of Barnes’s alleged failure to successfully comply with the terms of his house arrest, he was required to serve the remainder of his sentence in MDOC custody.
 

 ¶ 3. On October 16, 2008, he made his first of three filings with the Pike County Circuit Court. In his October filing, he alleged the trial court failed to consider his prior felony, gave him an illegal suspended sentence, and improperly revoked his suspended sentence. On November 7, 2008, Barnes made another filing in the circuit court, alleging his indictment was defective
 
 *857
 
 and requesting a copy of his sentencing order and indictment.
 

 ¶ 4. In its February 2, 2009, order, the circuit court treated Barnes’s October 16, 2008, handwritten filing as a motion for post-conviction relief and denied relief. The court reasoned Barnes was not seeking a harsher sentence and found Barnes made an intelligent, knowing, and voluntary guilty plea and was given a reasonable sentence for his forgery conviction.
 

 ¶ 5. On March 16, 2009, Barnes made a third filing entitled “Petition to Dismiss Indictment.” He alleged his sentence exceeded the statutory maximum, his right to a speedy trial had been violated, and his indictment was defective.
 

 ¶ 6. On May 11, 2009, the circuit court addressed Barnes’s November 7, 2008, filing. The circuit judge treated the filing as a second motion for post-conviction relief and found: (1) this second petition was successive and procedurally barred; (2) Barnes was not entitled to the requested documents free of charge without showing a specific need or the necessity of the documents for a specific issue; and (3) Barnes’s knowing, intelligent, and voluntary guilty plea waived any right to a jury trial.
 

 ¶ 7. Barnes alleges he turned to the federal court system in June 2009 and filed a petition for habeas corpus review. According to his notice of appeal, he claims on August 14, 2009, he was ordered by the federal court to exhaust all state remedies.
 

 ¶ 8. On August 21, 2009, Barnes filed a notice of appeal of the circuit court’s February 2, 2009, denial of his motion for post-conviction relief.
 

 ANALYSIS
 

 ¶ 9. Mississippi Rule of Appellate Procedure 4(a) provides appellants thirty days from the entry of judgment to file notices of appeal. “An appeal
 
 shall
 
 be dismissed if the notice of appeal was not timely filed pursuant to Rules 4 or 5.”
 
 [2]
 
 M.R.A.P. 2(a)(1) (emphasis added). This deadline applies to post-conviction appellants just as it does for all other appellants.
 
 Craft v. State,
 
 966 So.2d 856, 857-58 (¶¶8, 12) (Miss.Ct.App.2007);
 
 Johnson v. State,
 
 962 So.2d 87, 89 (¶9) (Miss.Ct. App.2007); and
 
 Penn v. State,
 
 909 So.2d 135, 136 (¶ 6) (Miss.Ct.App.2005).
 

 ¶ 10. Barnes had thirty days from the entry of the circuit court’s order denying his motion for post-conviction relief to file his appeal. He did not file his August 21, 2009, notice of appeal until more than six months after the February 2, 2009, entry of the order denying post-conviction relief and more than three months after the May 11, 2009, entry of the order dismissing Barnes’s subsequent petitions as successive writs and procedurally barred.
 

 ¶ 11. We may suspend Rule 4 for good cause shown and allow an out-of-time appeal in criminal (but not civil) cases.
 
 Andrews v. State,
 
 932 So.2d 61, 62 (¶5) (Miss.Ct.App.2006) (citing M.R.A.P. 2). Instead of timely appealing, Barnes decided to pursue federal habeas corpus review. Only after an August 2009 federal order did he seek appellate review in the Mississippi courts of the circuit court’s February 2, 2009, order denying him post-conviction relief.
 

 ¶ 12. Because Barnes does not show good cause under Rule 2(a) for filing his notice of appeal 201 days after the entry of order denying his motion for post-convic
 
 *858
 
 tion relief, we must dismiss his appeal for lack of jurisdiction.
 

 ¶ 13. THE APPEAL IS DISMISSED. ALT. COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. IRVING, J., NOT PARTICIPATING.
 

 [1]
 

 . The circuit judge also ordered Barnes to serve five years of post-release supervision, make restitution to Regions Bank in the amount of $250, pay a $2,500 fine, and complete an alcohol and drug treatment program.
 

 [2]
 

 . Rule 5 of the Mississippi Rules of Appellate Procedure applies to interlocutory appeals and is not applicable to this appeal. M.R.A.P. 5.