LEE, C.J.,
for the Court:
¶ 1. Eddie Brock’s motion for post-conviction relief was dismissed by the Bolivar *734 County Circuit Court for failure to obtain permission from the Mississippi Supreme Court to seek relief. See Miss.Code Ann. § 99-39-7 (Supp.2011). It is from this dismissal that Brock now appeals. Finding no reversible error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. In 1994, Brock was found guilty of five counts of uttering a forgery. He was sentenced as a habitual offender to forty-five years in the custody of the Mississippi Department of Corrections. Brock filed a direct appeal, and this Court affirmed his conviction and sentence in an opinion not designated for publication. See Brock v. State, 704 So.2d 469 (Miss.Ct.App.1997).
¶ 3. In 1998, Brock filed a motion for leave in the Mississippi Supreme Court seeking permission to file a motion for post-conviction relief in the trial court. This motion was denied. Subsequently, he filed several more motions with the supreme court. In 2006, he again submitted a motion requesting leave to file a motion for post-conviction relief. This time, not only was his motion denied, he was sanctioned for filing a frivolous motion.
¶4. Despite the denial of his motions, Brock filed a motion for post-conviction relief in the trial court on November 17, 2010. In this motion, he asserted his sentence was illegal, and an intervening decision of the United State’s Supreme Court provided an exception to any procedural bars. Citing the Mississippi Supreme Court’s denial of his motion for leave, the trial court dismissed Brock’s motion for post-conviction relief.
¶ 5. Brock now appeals asserting the trial court erred in dismissing his motion for relief without holding an evidentiary hearing.
STANDARD OF REVIEW
¶ 6. We will not disturb the circuit court’s dismissal of a motion for post-conviction relief unless it is clearly erroneous. Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). Issues of law are reviewed de novo. Id.
DISCUSSION
¶ 7. Because Brock has filed a direct appeal that was ruled on by this Court, he must obtain permission from the Mississippi Supreme Court before seeking post-conviction relief in the trial court. See Miss.Code Ann. § 99-39-7. Section 99-39-7 states:
Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the Justices of the Supreme Court of Mississippi, ... and an order granted allowing the filing of such motion in the trial court.
¶ 8. Brock attempted to comply with this statute by filing multiple motions with the supreme court seeking permission. However, each request was denied. Brock, nonetheless, filed his motion for post-conviction relief. The requirements of section 99-39-7 are “not merely advisory, but jurisdictional.” Doss v. State, 757 So.2d 1016, 1017 (¶ 6) (Miss.Ct.App.2000). Because permission to proceed had been denied, the trial court was without jurisdiction to hear Brock’s motion. Likewise, this Court is without jurisdiction. See Cortez v. State, 9 So.3d 445, 446 (¶ 6) (Miss.Ct.App.2009) (“If the circuit court did not have jurisdiction to address the defendant’s motion for post-conviction relief, the appellate court is also without jurisdiction.”). We find Brock’s motion was correctly dismissed.
*735 ¶ 9. Despite the procedural bar, we would find Brock’s argument without merit. On appeal, Brock contends two intervening decisions would have affected the outcome of his trial. These two decisions are Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Rowland v. State, 42 So.3d 503 (Miss.2010). Brock argues that under Apprendi, he was entitled to have a jury, rather than the trial judge, decide his habitual-offender status and whether his sentences were to run consecutively or concurrently. Brock argues that he is allowed to bring this argument because, according to Rowland, “errors affecting fundamental constitutional rights are excepted from the procedural bars” of the Uniform Post-Conviction Collateral Relief Act. Rowland, 42 So.3d at 506 (¶ 9). Apprendi clearly states: “Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” Apprendi, 530 U.S. at 490, 120 S.Ct. 2348 (emphasis added). Brock’s sentence was enhanced because he was a habitual offender. Since Apprendi provides an exception for sentences enhanced by prior convictions, Brock’s argument is without merit.
¶ 10. THE JUDGMENT OF THE BOLIVAR COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO BOLIVAR COUNTY.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ„ CONCUR. ROBERTS, J., CONCURS IN PART AND IN THE RESULT.