# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00719-COA

**DUNG THANK TRAN A/K/A JULIO TRAN**                  **APPELLANT**
**A/K/A DUNG TRAN A/K/A DUNG T. TRAN**
**A/K/A DUNG THANH TRAN**

**v.**

**STATE OF MISSISSIPPI**                            **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/25/2016 |
| TRIAL JUDGE: | JOSEPH H. LOPER JR. |
| COURT FROM WHICH APPEALED: | GRENADA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DUNG THANK TRAN (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA BYRD |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 04/18/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

       **BEFORE IRVING, P.J., FAIR AND WILSON, JJ.**

       **WILSON, J., FOR THE COURT:**

¶1.     Dung Thank Tran appeals from an order dismissing his motion for post-conviction relief (PCR). The Grenada County Circuit Court dismissed Tran's motion for lack of jurisdiction because the Mississippi Supreme Court had denied Tran's application for leave to file the motion. We affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     In March 1999, Tran sold cocaine to a confidential informant working for the Grenada Police Department. The transaction occurred in a room at the Holiday Inn in Grenada and

was recorded with audio and video equipment set up by narcotics agents who monitored the buy from the next room. The audio and video tapes of the transaction were played at Tran's trial in the circuit court in January 2000. The jury found Tran guilty of selling cocaine, and he was sentenced as a violent habitual offender to life imprisonment without the possibility of probation or parole. On direct appeal, this Court affirmed Tran's conviction and sentence. *Tran v. State*, 785 So. 2d 1112, 1120 (¶26) (Miss. Ct. App. 2001).

¶3. In 2010, Tran filed a PCR motion attacking a prior conviction for possession of cocaine, which resulted from a January 1995 guilty plea. Tran completed serving his sentence on that conviction and was released from custody prior to his 1999 arrest and conviction for selling cocaine. Tran sought to challenge his 1995 conviction via a PCR motion because it was one of the predicate felonies used to convict him as a violent habitual offender in 2000. The circuit court dismissed Tran's PCR motion, and this Court affirmed. *Tran v. State*, 92 So. 3d 1278, 1278 (¶1) (Miss. Ct. App. 2011), *cert. denied* 95 So. 3d 1274 (2012). This Court held that because Tran had already finished serving his sentence on the 1995 conviction, he could no longer collaterally attack that conviction via a PCR motion. *Id.* at 1279 (¶7). We also noted that Tran's attack on the 1995 conviction was clearly time-barred. *Id.* at (¶6).

¶4. In 2014, Tran filed an application in the Supreme Court in which he sought leave to challenge his present life sentence via a PCR motion in the trial court. Tran claimed that his sentence was "illegal" because of his alleged "actual innocence as a habitual offender." A

2

panel of the Supreme Court denied Tran's application, finding that it was barred by the statute of limitations, the prohibition against successive applications, and res judicata and also "without merit." *Tran v. State*, 2014-M-00253 (Miss. April 11, 2014).

¶5. Undeterred, Tran filed a new PCR motion in the circuit court. Although Tran's obvious goal is to set aside his present life sentence, his motion may be interpreted as an attack on his prior (1995) conviction for possession of cocaine. Tran argues that his 1995 felony conviction is void because his offense was only a misdemeanor. He relies on amendments to the law that took effect more than nineteen years after he was convicted and more than sixteen years after he finished serving his sentence for the conviction.[1]

¶6. The circuit court dismissed Tran's motion pursuant to Mississippi Code Annotated section 99-39-7 (Rev. 2015), which provides that if a prisoner's conviction and sentence have been affirmed on direct appeal, he must request and obtain leave from the Supreme Court before he may file a PCR motion in the circuit court. Tran had not obtained permission from the Supreme Court; in fact, permission had been denied. Therefore, the circuit court determined that it was without jurisdiction and dismissed Tran's motion. Tran filed a timely notice of appeal from the circuit court's order of dismissal.

---

[1] Effective July 1, 2014, the Legislature amended Mississippi Code Annotated section 41-29-139(c)(1) to provide that simple possession of less than one-tenth gram or two dosage units of a Schedule I or II controlled substance "is a misdemeanor and punishable by imprisonment for not more than one year." 2014 Miss. Laws ch. 457, § 37 (H.B. 585). Prior to 1998, the statute did not require proof of weight or quantity on a charge of simple possession of a Schedule I or II controlled substance, so Tran's 1995 indictment and conviction do not specify the amount of cocaine he illegally possessed. Also, contrary to Tran's argument, nothing in House Bill 585 purports to void prior felony convictions.

3

**DISCUSSION**

¶7.     We affirm because the circuit court properly dismissed Tran's PCR motion. If Tran's present motion is construed as a challenge to his present life sentence, then the circuit court was plainly correct to dismiss for lack of jurisdiction. Because Tran's 2000 conviction and sentence were affirmed on direct appeal, section 99-39-7 required him to obtain permission from the Supreme Court before filing a PCR motion in the circuit court. "This procedure is not merely advisory, but jurisdictional." *Doss v. State*, 757 So. 2d 1016, 1017 (¶6) (Miss. Ct. App. 2001). "Because permission to proceed had been denied, the trial court was without jurisdiction to hear [Tran's] motion." *Brock v. State*, 114 So. 3d 733, 734 (¶8) (Miss. Ct. App. 2012).

¶8.     If instead we interpret Tran's motion as an attack on his 1995 conviction, then it was properly dismissed for the same reason that this Court affirmed the dismissal of his prior PCR motion, which attacked the same conviction: Tran lacks standing to collaterally attack his 1995 conviction years after he completed serving the sentence for that conviction, and the circuit court therefore lacked jurisdiction to consider Tran's motion. *Tran*, 92 So. 3d at 1279 (¶7); *accord Birmingham v. State*, 159 So. 3d 597, 599 (¶¶6-9) (Miss. Ct. App. 2014); *Wilson v. State*, 76 So. 3d 733, 735-36 (¶¶11, 13) (Miss. Ct. App. 2011). Thus, the circuit court was correct to dismiss Tran's PCR motion no matter how it is interpreted.

¶9.     **THE JUDGMENT OF THE GRENADA COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GRENADA COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, GREENLEE AND WESTBROOKS, JJ., CONCUR.**